**E. Myrl HALMICH, Respondent,**

v.

**Billie R. McCULLOUGH and Bernice A. McCullough, his wife, Appellants.**

No. 36255.

Missouri Court of Appeals,
St. Louis District,
Division Four.

March 9, 1976.

Gerald M. Poger, Clayton, for appellants.

Dearing, Richeson, Roberts & Wegmann, Nicholas G. Gasaway, Hillsboro, for respondent.

SMITH, Chief Judge.

Defendants appeal from the action of the trial court in denying their Motion to Set Aside Default Judgment. The default judgment was entered on April 19, 1974, following a hearing at which plaintiff testified at some length. Defendants, represented by counsel, never filed a responsive pleading and were not notified of, nor present at, the hearing. They had been personally served.

On May 10, 1974, defendants filed their motion to set aside. The motion was heard and overruled on May 21, 1974.

Defendants have not briefed the key question in this case, raised by plaintiff, whether the trial court had the jurisdiction to grant the motion on May 21. We conclude it did not and affirm. Neither the motion nor defendants' brief specifically advises us which of the several rules allowing an attack on a default judgment defendants rely upon. The wording of the motion indicates that it is brought under the provisions of Rule 75.01. Further, none of the other rules apply to the facts of the case or the allegations of the motion.

▮ A trial court has 30 days after the entry of a final judgment to vacate, reopen, correct, amend or modify its judgment under Rule 75.01. After that time it loses jurisdiction to do so.

"During this period, a default judgment is said to repose within the breast of the court, has not yet become final, and the act of setting it aside is but an exercise of the court's discretion. The court may, during this period set aside the default judgment on its own initiative and any motion presented to it to that end is only a suggestion to the court that it exercise its discretion for that purpose. . . . Accordingly, we consider defendant's Motion to Set Aside Judgment as such a suggestion which the trial court did not choose to heed. In this respect, the vitality of defendant's motion

expired when the court failed to vacate the judgment within thirty days of its entry." *Vaughn v. Ripley*, 446 S.W.2d 475[1] (Mo.App.1969).

The authority of the trial court to set aside the default judgment ended on May 19. See *Ratermann v. Ratermann*, 485 S.W.2d 80 (Mo.1972).

Even if the motion were treated as a motion for new trial, the result would be the same. The motion was not filed within 15 days after the judgment and therefore was not timely. Only a timely after-trial motion extends the trial court's jurisdiction beyond the thirty day limit. Rule 81.05.

Since the court had no jurisdiction to grant the motion to set aside on May 21, 1974, it did not err in denying the motion.

Judgment affirmed.

ALDEN A. STOCKARD, and NORWIN D. HOUSER, Special Judges, concur.