**STATE of Missouri ex rel. Michael E. CAMPBELL, d/b/a M. E. C. & Associates, Relator,**

**v.**

**Honorable John L. ANDERSON, Judge of the Circuit Court of Jefferson County, State of Missouri, Division No. 3, Respondent.**

**No. 37465.**

Missouri Court of Appeals,
St. Louis District,
Division Three.

April 13, 1976.

Husch, Eppenberger, Donohue, Elson & Cornfeld, Frank Hamsher, St. Louis, for relator.

William H. Pickett, David T. Greis, Kansas City, for respondent.

GUNN, Judge.

Relator Campbell d/b/a M.E.C. & Associates has sought a writ of mandamus commanding the respondent circuit judge to vacate his order setting aside a default judgment which Campbell, as plaintiff, had obtained against Wildwood Lake, Inc., as defendant. We initially issued our alternative writ of mandamus and do hereby make such writ peremptory.

This litigation had its beginning with Campbell filing suit against Wildwood in the Jefferson County circuit court to collect on a contract for advertising services performed by Campbell. Proper service of process was obtained on Wildwood, and from the scanty record on appeal we are able to ascertain that Wildwood failed to respond to a court order directing it to answer interrogatories propounded by Campbell. After notice to Wildwood that a default judgment would be taken against it, on April 21, 1975, default judgment was entered.[1] On May 14, 1975, Wildwood's attorney filed a motion to set aside the default judgment alleging only the legal conclusion that Wildwood had a good and meritorious defense to the suit. The motion to set aside was thus defective on its face, a fact which Wildwood concedes. No order was issued on the motion to set aside the default judgment, and after 30 days from the April 21, 1975 date of judgment entry, Campbell executed on the judgment. On July 25, 1975, Wildwood, through another attorney, filed an amended motion to set aside the default judgment, and the motion was argued before the respondent trial judge. On September 23, 1975, the respondent trial judge set aside the default judgment. Campbell thereupon sought a writ of mandamus before this court urging that the respondent was without jurisdiction to act on the motion to set aside the default judgment as more than 30 days had elapsed from the date of the default judgment.

Counsel for Wildwood, representing respondent, argues that the due process provisions of the Missouri and United States Constitutions support the trial court's actions. The basis of respondent's argument in this regard is that due process requires a hearing on a motion to set aside a default judgment if the motion is filed with the trial court sometime within the 30 day control of judgment period of Rule 75.01;[2] that Wildwood's amended motion to set aside the judgment, which was filed on September 23, 1975, related back to the defective May 14, 1975 motion to set aside judgment. We find Wildwood's argument completely untenable.

Initially, respondent, through Wildwood's attorney, contends that this court has no jurisdiction in this case because of the constitutional issue raised and that the exclusive jurisdiction is thus reposed in the Supreme Court. Respondent is mistaken in its belief that our mandamus jurisdiction is limited only to those matters in which we would have appellate jurisdiction. Under Mo.Const. Art. V, § 4, we have concurrent jurisdiction with the Supreme Court in issuing remedial writs.

We turn to the issue raised by Campbell as to whether respondent had jurisdiction to set aside the default judgment against Wildwood. He did not. Rule 75.01, which is applicable here, provides in part:

"The trial court retains control over judgments during the 30 day period after entry of judgment and may vacate, reopen, correct, amend or modify its judgment for good cause within that time.

---

1. Wildwood does not attack the validity of the default judgment as taken against it on April 21, 1975.

2. All citations are to Civil Rules, V.A.M.S.

Not later than 30 days after entry of judgment the court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party, and every order granting a new trial shall specify the grounds therefor."[3]

Recently, in *Halmich v. McCullough*, 534 S.W.2d 842 (Mo.App.1976), the precise situation confronting us was ruled on. In *Halmich*, Chief Judge Smith, speaking for the court, said:

"A trial court has 30 days after the entry of a final judgment to vacate, reopen, correct, amend or modify its judgment under Rule 75.01. After that time it loses jurisdiction to do so."

The authority of the respondent trial court to set aside the default judgment thus ended on May 21, 1975. The court did not act until September 23, 1975. Even if the defective motion to set aside the default judgment, which was filed on May 14, were treated as a motion for new trial, the result would be the same. The motion for new trial was not filed within 15 days after the judgment and was not timely. "Only a timely after-trial motion extends the trial court's jurisdiction beyond the thirty day limit. Rule 81.05." *Halmich v. McCullough*, supra. Thus, even if, as contended by Wildwood, its second motion to set aside the default judgment filed on July 25, 1975 were to relate back to the date of the filing of the defective motion on May 14, 1975—which it does not—it would be futile. A motion not made within the time allotted for a motion for new trial is considered a mere suggestion to the trial court to exercise its discretion to set aside the judgment within the 30 day period specified in Rule 75.01. Such a motion made more than 15 days after judgment will not extend the trial court's jurisdiction beyond the 30 day period. *Gorzel v. Orlamander*, 352 S.W.2d 675 (Mo.1961); *Helmich v. McCullough*, supra. The trial court's action in sustaining

the motion to set aside Wildwood's default judgment on September 23, 1975 was clearly in excess of its jurisdiction.

■ Respondent's argument, as asserted by Wildwood, that due process requires a hearing on the motion to set aside the default judgment although the motion is filed more than 15 days after the entry of the judgment is not meritorious. Wildwood was given constitutionally adequate notice of opportunity to defend Campbell's claims before the default judgment was entered. There was compliance with the procedural requirements for obtaining the default judgment as required by court rules, and Wildwood does not challenge that fact. Since there was sufficient compliance with the procedural requirements of the rules relating to the default judgment against Wildwood, the rights to due process of law were not violated. *Zurheide-Hermann, Inc. v. London Square Development Corp.*, 504 S.W.2d 161, 166 (Mo.1973). Wildwood relies on cases holding that when a trial court intends to vacate a judgment on its own initiative, the parties must be given reasonable notice and opportunity to be heard. *Clark v. Quality Dairy Co.*, 400 S.W.2d 78 (Mo.1966); *Albert J. Hoppe, Inc. v. St. Louis Public Service Co.*, 361 Mo. 402, 235 S.W.2d 347 (banc 1950); *State ex rel. Murphy v. Aronson*, 330 S.W.2d 140 (Mo.App. 1959). But even these cases recognize the 30 day limit on the court's ability to act. *Clark v. Quality Dairy Co.*, supra, 400 S.W.2d at p. 84; *Albert J. Hoppe, Inc. v. St. Louis Public Service Co.*, supra, 235 S.W.2d at 349; *State ex rel. Murphy v. Aronson*, supra, 330 S.W.2d at p. 143.

Inasmuch as we have concluded that the respondent was without jurisdiction to act upon the amended motion to set aside the default judgment, we need not discuss the merits of Wildwood's contention that it had a meritorious defense and a reasonable excuse for the default. For in the absence of jurisdiction, any proceedings would be void

---

**3.** Rule 75.01 is based in part upon § 510.370 RSMo.1969:

"Not later than thirty days after entry of judgment, the court of its own initiative may

order a new trial for any reason for which it might have granted a new trial on motion of a party, and every order granting a new trial shall specify the grounds therefor."

and, therefore, unavailing. *Lafayette Fed. Sav. & L. Ass'n of Gr. St. Louis v. Koontz,* 516 S.W.2d 502 (Mo.App.1974).

Our alternative writ of mandamus is made peremptory, and respondent is directed to vacate and set aside his order sustaining the amended motion to set aside the default judgment.

SIMEONE, P. J., and KELLY, J., concur.