Patricia Kay WILKINSON, Respondent,

v.

Steven Duane WILKINSON, Appellant.

No. KCD 27837.

Missouri Court of Appeals, Kansas City District.

Jan. 31, 1977.

James A. Rahm, Hensley, Rahm & Rahm, Warrensburg, for appellant.

No appearance for respondent.

Before WASSERSTROM, P. J., and SOMERVILLE and TURNAGE, JJ.

TURNAGE, Judge.

Steven Wilkinson appeals from an order "retaxing costs" to award Patricia Wilkinson attorney fees. Steven contends the court was without jurisdiction because the order was made more than thirty days after the entry of judgment and no post trial motion was filed; and that attorney fees are not costs. Reversed.

Steven and Patricia were divorced in 1971. By the decree, Patricia was granted the custody of the two minor children born of the marriage. In 1973, Patricia filed a motion to modify the divorce decree by increasing the amount of child support and for an award of attorney fees for the prosecution of that motion. Steven countered with a motion to modify asking that custody of the two children be changed to vest such custody in him.

After a hearing, the court entered an order on August 1, 1974, in which the motion of each party was denied. No post trial motion, as authorized by Rule 73.01, subd. 1(c), was made. Thereafter on September 18, 1974, Patricia filed a motion to "retax costs" in which she recited the court's order overruling the motions made no provision for the payment of her attorney. The motion concluded with a prayer for the court's order retaxing the costs to include an attorney fee of $300, to be paid by Steven as a part of the costs.

The record does not show any hearing was held on the latter motion, but on January 10, 1975, the court entered its order which found it had "inadvertently omitted consideration of allowance and taxing of costs as and for attorney fee." The court then found a reasonable fee would be $300 and ordered the final decree theretofore entered to be modified "to extent of taxing as costs on defendant in sum of $300 as attorney fee."

█ Steven first contends the court's order to retax as costs the attorney fee is invalid because the court was without jurisdiction to enter such order because it was made more than thirty days after the court's order overruling the motions. He contends under Rule 81.05 the order became final thirty days after it was made on August 1, 1974.

Steven's argument is well taken. Under Rule 81.05 the court's order made on August 1, 1974, became final thirty days thereafter. After that time the trial court had no further jurisdiction in this matter because no post trial motion was filed. For that reason the order which purported to "retax costs", but which in reality resulted in the order being modified, is invalid.

█ There is a further reason the order "retaxing costs" is not valid. Generally attorney fees are not considered as costs. *State of Missouri ex rel. Cain v. Mitchell*, 543 S.W.2d 785 (Mo. banc 1976). This is true under the Dissolution of Marriage Act because § 452.355, RSMo 1975 Supp., treats court costs and attorney fees separately. Thus, under the general rule and under the specific treatment given to attorney fees and court costs as being separate and distinct, the court could not award attorney fees by "retaxing the costs." The judgment is reversed.

All concur.