Charles TROUPE et al., Appellants,

v.

BOARD OF EDUCATION OF the CITY OF ST. LOUIS et al., Respondents.

No. 39755.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 15, 1979.

William P. Russell, St. Louis, for appellants.

Judson W. Calkins, Thomas E. Tueth, St. Louis, for respondents.

REINHARD, Presiding Judge.

This appeal involves the denial of appellants' Motion for Costs of Proceedings. The trial court cited a lack of jurisdiction as its basis for denial of the motion.

On September 20, 1971, appellants filed in the circuit court a petition naming respondents Board of Education of the City of St. Louis and its members as defendants. In their petition, appellants sought a declaratory judgment and injunctive relief against respondents, based on respondents' allegedly improper contract with Bi-State Transit Company, under which the Board used Bi-State buses to transport students. The action was brought under Chapters 527 and 162, RSMo 1969. On September 23, 1976, the matter was tried to the court, and on December 15, 1976, the trial court entered its judgment in favor of appellants. In that judgment the court assessed the costs of the proceeding against the respondents. During the 30 day period following the entry of the court's judgment, no motions to amend nor motions for a new trial were filed by either party, nor did the court make any amendments on its own motion.

On January 21, 1977, 37 days after the entry of the circuit court's judgment, appellants filed a "Motion for Costs of Proceedings" in which they sought approximately $19,000 in attorneys' fees and an additional $190 to cover "other expenses." Respondents filed a motion to deny appellants' motion for "costs." On September 21, 1977, after a hearing on appellants' motion and the submission of memoranda by the parties, the court denied appellants' motion. In its ruling the court stated that it had "no jurisdiction to enter the order as requested by plaintiffs [appellants] because more than 30 days elapsed from the date of the judgment in this case . . . to the date the motion was filed. . . ." This appeal followed.

We will deal briefly with respondents' motion to dismiss the appeal, because of alleged deficiencies in appellants' brief. Respondents cite a variety of violations of the requirements of Rule 84.04. We note that appellants' first two sets of Points Relied On were stricken by this court. Appellants' second Amended Points, while rather inartfully drawn, do marginally satisfy the requirements of Rule 84.04 and present the appellants' position to the respondents and this court. The other derelictions raised by respondents are generally appropriate criticisms of a brief that certainly could suffer several improvements. However, we do not believe that these failings warrant dismissal of the appeal. We proceed to the merits.

As recited in its ruling, the trial court dismissed appellants' motion because the court perceived a lack of jurisdiction. We agree. The time during which a court retains jurisdiction over a case is well-defined in the rules and statutes of this state. Rule 73.01 provides that not later than 15 days after the entry of judgment a party *may* file a motion for a new trial or a motion to amend the judgment and opinion. No such motions were filed here. Rule 75.01 explains that the trial court retains control over judgments during the 30 day period after entry of judgment and may on its own motion amend its judgment within

that 30 day period. The trial court neither amended the judgment on its own motion nor reserved its jurisdiction in the matter. Finally, Rule 81.05(a) states that a judgment becomes final at the expiration of 30 days after the entry of judgment, if no timely motion for a new trial is filed. Again, no such motion was filed here. The case law is just as explicit, holding that once the judgment of the court becomes final upon the expiration of the 30 day period, the court loses its jurisdiction and the judgment passes beyond the reach of the trial court to amend or modify, on either its own motion or the motion of the parties. *Berry v. Chitwood,* 362 S.W.2d 515, 517 (Mo.1962); *Wilkinson v. Wilkinson,* 546 S.W.2d 737, 738 (Mo.App.1977); *State ex rel. Campbell v. Anderson,* 536 S.W.2d 200, 202 (Mo.App.1976); *Schenberg v. Schenberg,* 307 S.W.2d 697, 701 (Mo.App.1957). Under these authorities, the judgment became final before appellants filed their motion.

To be sure, as appellants note, § 527.100 provides that the court may award "costs" in a declaratory judgment action; furthermore, we note the Supreme Court has stated that "costs," as used in § 527.100, may include attorneys' fees. *Labor's Educational and Political v. Danforth,* 561 S.W.2d 339, 350 (Mo. banc 1977). However, the simple awarding of "costs" does not, ipso facto, constitute the awarding of attorneys' fees. If a court intends to award attorneys' fees as costs under § 527.100, such intent should be explicit. We do not believe that the attorneys' fees were encompassed by the granting of "costs" to appellants, and the taxing of attorneys' fees as costs would constitute a modification of the court's award.

In holding that the trial court was correct in denying appellants' motion, we do not abrogate the court's award of costs in the judgment. However, costs as awarded in the judgment are limited to the costs of the litigation as provided by statute which the clerk will ministerially tax. *St. Louis 221 Club v. Melbourne Hotel Corp.,* 227 S.W.2d 764, 771 (Mo.App.1950). Regardless of the court's dismissal of their motion, appellants are still entitled to these limited costs as provided by statute.

The judgment of December 15, 1977, became final on January 14, 1978, no post-trial motions having been filed and the court having taken no actions to preserve its jurisdiction. Upon the expiration of the 30-day period, the judgment was no longer subject to amendment or modification by the court. The court had lost its jurisdiction and properly dismissed the action. Any proceeding by the court on appellants' belated motion would have been void. *State ex rel. Campbell v. Anderson,* 536 S.W.2d at 202–203.

Judgment affirmed.

GUNN and CRIST, JJ., concur.