Vincent C. SCHOEMEHL, Jr., Respondent,

v.

Donald H. WHALEY, Clarence T. Hunter, John A. Schicker, Suzanne Hart, and Honorable James F. Conway, Mayor of the City of St. Louis, All of whom together constitute the members of the Board of Police Commissioners of the City of St. Louis, City of St. Louis, and Eugene Camp, Chief of Police of the City of St. Louis, Appellants.

Nos. 41312, 41335.

Missouri Court of Appeals, Eastern District, Division Three.

April 22, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 19, 1980.

Application to Transfer Denied June 10, 1980.

C. A. Mogab, John C. Livingston, St. Louis, for appellants.

E. C. Kennedy, St. Louis, for respondent.

CRIST, Judge.

Plaintiff, resident taxpayer, obtained an order enjoining the Board of Police Commissioners and the City of St. Louis, co-defendants, from paying Eugene Camp, the St. Louis Chief of Police, also a co-defendant, compensation for overtime accumulated prior to May 1, 1977. We affirm.

This case was submitted to the court below for a decision on stipulated facts. Those facts, as relevant, are summarized below. This case revolves around § 84.-160(3)–(7), RSMo. Supp. 1977, which states as follows:

3. The board of police commissioners may pay additional compensation for all hours of service rendered in excess of the established regular working period, and the rate of compensation shall not exceed the regular hourly rate of pay to which each member shall normally be entitled. No credit shall be given or deductions made from payments for overtime for the purpose of retirement benefits.

4. All commissioned officers up to and including the rank of sergeant shall receive additional compensation for authorized overtime, court time and court standby time accumulated after May 1, 1977, whenever the total accumulated time exceeds forty hours, and the rate of compensation shall not exceed the regular hourly rate of pay to which each member shall normally be entitled. The accumulated forty hours shall be taken as compensatory time off at the officer's discretion with the approval of his supervisor.

5. Overtime, court time and court standby time accumulated prior to May 1, 1977, shall be compensated for on the basis of compensatory time off or at the regular hourly rate of pay, at the discretion of the board, within two years of May 1, 1977.

6. The allowance of compensation or compensatory time off for court standby time shall be computed at the rate of one-third of one hour for each hour spent on court standby time.

7. In lieu of compensatory time off or payments for overtime hours, all commissioned officers of the rank of lieutenant and above shall receive an additional eight percent of the compensation established in subsection 1, with the exception of the chief of police.

The Board of Police Commissioners, hereinafter "Board", construed subsection (5) of the above statute to mean that the Board should either pay compensation or allow compensatory time off for accumulated overtime for all police officers, including the chief of police. The Board opted to pay additional compensation for the accumulated overtime. The Board computed the amount of overtime accumulated by Chief Camp on holidays and regularly scheduled recreation days. The Board, by applying the amount of overtime accumulated by Chief Camp to his statutory salary rate in effect on April 30, 1977, determined that $39,701.90 was due Chief Camp. The City of St. Louis issued a check for that amount. Plaintiff then obtained the present injunction.

We believe the Board's construction of subsection (5) is incorrect. The legislature did not intend subsection (5) to be read apart from the rest of the statute. The construction of a statute requires a consid-

eration of the statute as a whole. *Fleming v. Moore Brothers Realty Co.*, 363 Mo. 305, 251 S.W.2d 8, 15 (1952). Subsection (4), immediately prior to subsection (5), expressly limits itself to affecting officers up to and including the rank of sergeant. We believe subsection (5) retains the same limitation. Subsection (6), dealing with the conversion of court standby time to overtime, a problem generally concerning only lower ranking officers, appropriately follows the two subsections dealing with overtime for those officers. It is not until subsection (7) that the legislature turns its attention to officers of the rank of lieutenant and above. There the legislature grants those officers a payment of eight percent of their yearly statutory pay in lieu of overtime compensation or compensatory time off. The chief of police is expressly precluded from this payment and thus there is no provision for overtime compensation for the chief. We must give those words of exclusion their ordinary meaning. *Mashak v. Poelker*, 367 S.W.2d 625, 626 (Mo. banc 1963).

We perceive in this statute an underlying recognition of the unique responsibilities and the degree of professionalism of the chief of police. He holds a supervisory status which is incompatible with being strictly accountable for hours on the job. The ultimate responsibility for the police department rests in that office twenty-four hours a day. *See* § 2.003, Duties and Responsibilities of Chief of Police, St. Louis Police Manual.

■ In addition to consideration of the language of the statute read as a whole and the underlying circumstances of the chain of command, construction of the present statute requires further consideration of its remedial purpose. *Person v. Scullin Steel Co.*, 523 S.W.2d 801, 803 (Mo. banc 1975). The statute in question was enacted to counteract "the high rate of attrition in the police service and low officer moral." *See* Laws of Missouri 1977, p. 189. The trial court found the office of chief of police is not vulnerable to a high attrition rate or subject to low morale. We agree with the conclusion of the trial court. The purpose of the statute is not served by allowing Chief Camp to recover the disputed overtime compensation.

■ One further point requires our attention. Plaintiff contends the costs plaintiff is to recover by order of the court below includes attorney's fees. Plaintiff's petition and the order of the court below refer only to "costs" and make no mention of attorney's fees. Attorney's fees are not generally considered as costs. *Troupe v. Board of Education*, 582 S.W.2d 356, 358 (Mo.App. 1979); *Wilkinson v. Wilkinson*, 546 S.W.2d 737, 738 (Mo.App.1977). We hold the order of the court below did not include attorney's fees in the award of costs to plaintiff.

The judgment is affirmed.

SNYDER, P. J., and REINHARD, J., concur.