Frank HAM, Estil Nichols, and Jerry W. Franklin, Plaintiffs–Appellants,

v.

Ronald WENNEKER and Carolyn Wenneker, Defendants–Respondents.

No. WD31227.

Missouri Court of Appeals, Western District.

Dec. 2, 1980.

James C. Butcher, Butcher, Cline & Mallory, Columbia, for plaintiffs–appellants Frank Ham & Estil Nichols.

Stephen W. Angle, Warrensburg, for plaintiffs–appellants Jerry W. Franklin.

Robert Hines, Bear, Hines & Thomas, Columbia, for defendants–respondents.

Before CLARK, P. J., and DIXON and SOMERVILLE, JJ.

PER CURIAM:

On this appeal, the ruling of the trial court dismissing plaintiffs' petition as premature must be reversed.

During the trial, evidence was presented which the trial judge felt obligated the court to exercise the duty of recusal. In a commendable effort to salvage the time and effort already expended in the trial, the trial judge inquired if anyone objected to the trial proceeding. No objection was registered, and the trial was concluded.

The duty of a trial judge to recuse when impropriety or the appearance of impropriety appears does not depend on the waiver of the issue by the parties. When cause to recuse appears, a judge must do so. The only exceptions are as follows:

Rule 2, Canon 3 D permits remittal of disqualification of a judge when the disqualification arises under Canon 3 C(1)(c) or Canon 3 C(1)(d). Such remittal must be independently arrived at by counsel and the parties, reduced to writing, and signed by both parties and the lawyers, and made a part of the record. The comment indicates that the procedure is intended to minimize "the chance that a party or lawyer will feel coerced."

Under Rule 2, Canon 3 C(4), when disclosure of a relationship to a lawyer acting in the proceeding is made, disqualification occurs only when a request is made.

The second exception clearly does not apply to the facts and the first exception was not complied with if the recusal was required under 3 C(1)(d). The agreement of remittal was not independently arrived at and committed to writing and the inquiry of the court to the parties was inherently coercive. The obvious purpose of Rule 2, Canon 3 D permitting remittal is to permit the parties to arrive at an agreement to permit remittal independently and unanimously. This permits disclosure to the court of the result in terms of a lack of unanimity without singling out a litigant or lawyer as the party failing to agree on remittal.

The judgment is reversed and the cause remanded for new trial.