612 S.W.2d 447 (1981)
STATE of Missouri ex rel. DIVISION OF FAMILY SERVICES, Assignee, and Linda Kathleen Oatsvall, b/n/f, Assignor, Plaintiffs-Appellants,
v.
Kenneth Ray OATSVALL, Defendant-Respondent.
STATE of Missouri ex rel. DIVISION OF FAMILY SERVICES, Assignee, and Ethel Lee Woods, Assignor, Plaintiffs-Appellants,
v.
Ray Preston WOODS, Defendant-Respondent.
STATE of Missouri ex rel. DIVISION OF FAMILY SERVICES, Assignee, and Cheryl Lynn Loomes, Assignor, Plaintiffs-Appellants,
v.
Richard Ross LOOMES, Defendant-Respondent.
STATE of Missouri ex rel. DIVISION OF FAMILY SERVICES, Assignee, and Betty Holland Woods, Assignor, Plaintiffs-Appellants,
v.
Jewell Dean WOODS, Defendant-Respondent.
STATE of Missouri ex rel. DIVISION OF FAMILY SERVICES, Assignee, and Linda Kay Latamondeer, Assignor,
v.
Joe Phillip LATAMONDEER, Defendant-Respondent.
STATE of Missouri ex rel. DIVISION OF FAMILY SERVICES, Assignee, and Annie Lee Murray, Assignor, Plaintiffs-Appellants,
v.
Harry Ardell MURRAY, Defendant-Respondent.
STATE of Missouri ex rel. DIVISION OF FAMILY SERVICES, Assignee, and Dorothy Smith, Assignor, Plaintiffs-Appellants,
v.
Raymond Everett SMITH, Defendant-Respondent.
STATE of Missouri ex rel. DIVISION OF FAMILY SERVICES, Assignee, and Dorothy Lee Adams, Assignor, Plaintiffs-Appellants,
v.
William Otis ADAMS, Defendant-Respondent.
STATE of Missouri ex rel. DIVISION OF FAMILY SERVICES, Assignee, and Barbara Louise Scott, Assignor, Plaintiffs-Appellants,
v.
Alvin SCOTT, Defendant-Respondent.
STATE of Missouri ex rel. DIVISION OF FAMILY SERVICES, Assignee, and Jannett Hall, Assignor, Plaintiffs-Appellants,
v.
Freddie L. AGEE, Defendant-Respondent.
STATE of Missouri ex rel. DIVISION OF FAMILY SERVICES, Assignee, and Thelma Cox, Assignor, Plaintiffs-Appellants,
v.
Charles J. COX, Defendant-Respondent.
STATE of Missouri ex rel. DIVISION OF FAMILY SERVICES, Assignee, and Cheryl Ann Gifford, Assignor, Plaintiffs-Appellants,
v.
Rickey Eauing GIFFORD, Defendant-Respondent.
STATE of Missouri ex rel. DIVISION OF FAMILY SERVICES, Assignee, and Karen Sue Norville, Assignor, Plaintiffs-Appellants,
v.
James Martin NORVILLE, Defendant-Respondent.
STATE of Missouri ex rel. DIVISION OF FAMILY SERVICES, Assignee, and Helen Louise Knupp, Assignor, Plaintiffs-Appellants,
v.
James Arthur KNUPP, Defendant-Respondent.
STATE of Missouri ex rel. DIVISION OF FAMILY SERVICES, Assignee, and Sandra Holifield, Assignor, Plaintiffs-Appellants,
v.
David L. HOLIFIELD, Defendant-Respondent.
STATE of Missouri ex rel. DIVISION OF FAMILY SERVICES, Assignee, and Lynda Lou Davis, Assignor, Plaintiffs-Appellants,
v.
Charles R. DAVIS, Defendant-Respondent.
STATE of Missouri ex rel. DIVISION OF FAMILY SERVICES, Assignee, and Sharon Lynn Walker, Assignor, Plaintiffs-Appellants,
v.
Lenzy Lee RODGERS, Defendant-Respondent.
STATE of Missouri ex rel. DIVISION OF FAMILY SERVICES, Assignee, and Juanita L. Vines, Assignor, Plaintiffs-Appellants,
v.
Walter VINES, Jr., Defendant-Respondent.
STATE of Missouri ex rel. DIVISION OF FAMILY SERVICES, Assignee, and Marzella Cross, Assignor, Plaintiffs-Appellants,
v.
Sherwood CROSS, Defendant-Respondent.
STATE of Missouri ex rel. DIVISION OF FAMILY SERVICES, Assignee, and Annice Faye Turley, Assignor, Plaintiffs-Appellants,
v.
Larry E. TURLEY, Defendant-Appellant.
STATE of Missouri ex rel. DIVISION OF FAMILY SERVICES, Assignee, and Sharon Bowles, Assignor, Plaintiffs-Appellants,
v.
Milton Lee BOWLES, Defendant-Respondent.
STATE of Missouri ex rel. DIVISION OF FAMILY SERVICES, Assignee, and Agnes Marie Cooper, Assignor, Plaintiffs-Appellants,
v.
John Thomas COOPER, Defendant-Respondent.
STATE of Missouri ex rel. DIVISION OF FAMILY SERVICES, Assignee, and Mary L. Sweet, Assignor, Plaintiffs-Appellants,
v.
James C. SWEET, Defendant-Respondent.
STATE of Missouri ex rel. DIVISION OF FAMILY SERVICES, Assignee, and Helen Winston, Assignor, Plaintiffs-Appellants,
v.
Joe Clyde LIPSEY, Defendant-Respondent.
Nos. 11941, 11942, 11939, 11944, 11937, 11949, 11940, 11945, 11927, 11947, 11936, 11931, 11930, 11946, 11951, 11950, 11943, 11938, 11935, 11953, 11929, 11933, 11952 and 12048.
Missouri Court of Appeals, Southern District, Division Three.
February 18, 1981.
*450 Richard L. Huber, Jefferson City, Philip R. Pruett, Charleston, for plaintiffs-appellants.
PER CURIAM:
These consolidated appeals arise from purported modifications of child support rendered in hearings to show cause for failure to pay child support by an associate circuit judge in Mississippi County, Missouri. Appellant, Division of Family Services, as assignee of child support rights vesting in recipients of A.F.D.C. payments by virtue of pre-existing judgments and orders, opposed the modification judgments by motions to set aside for irregularities in their entry, filed all but one[1] of the 24 underlying proceedings. The appeals are taken from the trial court's ruling on appellant's motions in each case, and in the case of the exception just noted, where no such motion was filed, from a modified entry of judgment, in an action to establish paternity, made July 15, 1980.
In these motions, appellant asserts that the modified judgments are irregular in that they were made on the court's own motion, without proper service of process on appellant (Div. of Family Services) or appellant's assignor and without findings of changed financial conditions or agreement of parties to modify previously existing child support orders. These allegations go to irregularities patent on the records of the underlying proceedings cognizable as a proceeding under Civil Rule 74.32, which permits a judgment to be set aside for irregularities on the face of the record.[2] Viewed as proceedings under Rule 74.32, appellant's motions in the underlying proceedings are direct attacks upon the modified support orders entered therein, instituted by motion instead of petition and are independent proceedings. In Re Jackson's Will, 291 S.W.2d 214, 219-220[6][7, 8] (Mo.App.1956); accord; In Re Marriage of Bradford, 557 S.W.2d 720, 724[2] (Mo.App.1977). Thus, the orders entered upon appellant's motions to set aside in these cases are themselves appealable. In Re Marriage of Bradford, supra; accord; In Re Jackson's Will, supra.
The records of the proceedings below are very similar. Except for two *451 cases,[3] entry of the purported modified judgment of child support occurs on June 3, 1980. In no case, exceptions included, do the purported modified entries of judgment relate to any motion of parties for such relief, nor do they occur within the time, the 30 day period, permitted under Rule 75.01, V.A.M.S., for the court to act on its own initiative. With one exception, appellant's motions are taken up and ruled upon July 15 or 18, 1980.[4] The records in four of the proceedings below reflect that the court overruled appellant's motions to dismiss and thereafter made nunc pro tunc entries of judgment relating back to the challenged modifications.[5] The records in two of the cases reflect further entries of modification after appellant's motions were overruled.[6] In the remainder of the proceedings below, further modified entries of judgment were made after sustention of appellant's motions attacking the earlier modifications. Again, the records of these proceedings reflect no motion for modification filed by either party. In fact, the July 15, and July 18, 1980, Docket entries in seventeen of these proceedings state that the "June 3, 1980 Motion [to modify] was the courts' [sic] own motion" ...; that "the state was not present at any hearings set for June 3, 1980" ...; and that "any motion to modify is the court's own motion."[7] In eight of the proceedings below, show cause orders have been issued for noncompliance with those additionally modified judgments and proceedings held thereon.[8] In one of these cases, a further modified entry of judgment has been made.[9]
The records of the proceedings below thus clearly reflect that the trial court's action in these proceedings was entirely unilateral, insofar as any modification of underlying judgments, or final orders related to child support, is concerned. As set forth previously, the recitations contained in the docket sheets declarative of the trial court's initiative in these proceedings and the absence of any motion for modification of child support filed by any party herein, or even reference to any such motion filed by any party, can only support a conclusion that the trial court acted unilaterally with respect to every child support modification entry in these proceedings. In so doing, as appellant argues, the court below has acted *452 beyond its jurisdiction, as it cannot, ex mero motu, set itself in motion nor does it have power to determine questions unless they are presented to it in a manner prescribed by law.[10]State v. Goodman, 406 S.W.2d 121, 126[8] (Mo.App.1966). Jurisdiction to decide concrete issues in a particular case is limited to those presented by parties and their pleadings and anything beyond is coram non judice and void. Id.; see also Footnote (5), p. 126. Moreover, lacking jurisdiction in the case, the trial court had no jurisdiction to entertain any further motions or pleadings which might otherwise have affected the proceedings. State v. Hawkins, 361 S.W.2d 852, 859[13] (Mo.App. 1962). The records of these proceedings reflect the existence of valid judgments, entered prior to any purported modification thereof by the trial court and, with respect to which, under Rule 75.01, it had lost jurisdiction to amend or modify either on its own motion or the motion of any party,[11] the court's purported amendments and modifications, nunc pro tunc or otherwise, were therefore void and subject to collateral attack. Berry v. Chitwood, 362 S.W.2d 515, 517[2] (Mo.1962); Troupe v. Board of Ed. of City of St. Louis, 582 S.W.2d 356, 358 L.C. (Mo.App.1979); Schenberg v. Schenberg, 307 S.W.2d 697, 701[9] (Mo.App.1958). The modified entries of the trial court related to child support were invalid attempts to extend its statutory jurisdiction by judicial fiat. Schenberg v. Schenberg, supra, p. 701[8]. Therefore, all of the entries made by the trial court, in each proceeding below, purporting to modify the provisions for child support, inclusive of any purported further modification thereof, are void and without affect.
One further matter affecting the trial court's jurisdiction of the cause must be touched upon. The records of the underlying proceedings reflect that in eleven of the cases below the associate circuit judge, Edward C. Graham, who entered the orders herein contested, had previously appeared as counsel for one of the litigants, or on behalf of the Division of Family Services to enforce assigned child support rights.[12] Canon 3 C(1), (Sup. Court Rule 2, Code of Judicial Conduct), requires that a judge should disqualify himself "in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where: ... (b) he served as a lawyer in the matter in controversy ..." The duty of a trial judge to recuse when impropriety or the appearance of impropriety appears does not depend on the waiver of the issue by parties. Frank Ham, et al. v. Ronald Wenneker, et ux., 609 S.W.2d 240 (Mo.App.1980). When cause to recuse appears *453 a judge must do so. Id. Canon 3 D[13] permits remittal of the disqualification under certain conditions only if the judge is disqualified by the terms of Canon 3 C(1)(c)[14] or Canon 3 C(1)(d).[15] Clearly, the associate judge had a duty to disqualify himself with respect to those cases in which he had participated as counsel, which he did not do. It is equally clear, that the circumstances under which his duty to recuse arose are not within the scope of any remittal procedure available under Canon 3 D, even had such been undertaken by parties and counsel. As a result, even had the modified entries of judgment been properly made in those cases in which he had previously appeared as counsel, reversal of those orders would have been required. See Frank Ham, et al. v. Ronald Wenneker, et ux., supra.
It is therefore ordered that all modified entries of judgment in child support undertaken by the court on or after June 3, 1980 in each of the proceedings below be vacated, inclusive of any subsequent modifications made after such date, the causes being remanded for such purpose; that any rulings made, after hearing or otherwise, in aid of enforcing said modified entries of judgment be likewise vacated; that the trial court refrain from any further action in aid of enforcement of such judgments; and that Edward C. Graham, Associate Circuit Judge below, be directed to disqualify himself in those proceedings below wherein he has appeared as counsel and to refrain from any other and further participation in such proceedings.
All concur.
NOTES
[1] No such motion was filed in State ex rel. Division of Family Services v. Cox, No. 11936. In this case, an original judgment of child support, in an action to establish paternity, was filed March 18, 1980, and was modified by the court July 15, 1980, without any motion of parties therefore appearing of record.
[2] Irregularities reached by motion to set aside an otherwise final proceeding must be patent on the record and go to lack of adherence to some prescribed rule or mode of proceeding and consists either in omitting to do something that is necessary for due and orderly conduct of the suit or doing it at an unreasonable time or in an improper manner. Korn v. Ray, 434 S.W.2d 798, 802[4] (Mo.App.1968); Diekmann v. Associates Discount Corporation, 410 S.W.2d 695, 700[9] (Mo.App.1966).
[3] In State ex rel. Division of Family Services v. Cox, supra, original judgment dated March 18, 1980 modified July 15, 1980; and State ex rel. Division of Family Services v. Larry E. Turley, No. 11953, original decree entered July 12, 1979; with modification judgments entered June 27 and July 15, 1980.
[4] In State ex rel. Division of Family Services v. Joe Clyde Lipsey, No. 12048, appellant's motion to dismiss is not taken up until August 26, 1980, at which time it is sustained, and further modification of judgment made, on the court's own motion.
[5] Case Nos. 11929-11931; and 11933.
[6] Cox, supra, No. 11936, and Turley, supra, No. 11953.
[7] Case Nos. 11927; 11935; 11937-11947; and 11949-11952. Note; In Lipsey, supra, No. 12048, these entries appear in the docket on August 26, 1980, when appellant's motion to dismiss was taken up in that case. An entry from State ex rel. Division of Family Services v. Raymond Everett Smith, No. 11940, which is representative of those referred to is reproduced below:

"July/15/80 Comes now the State by Philip R. Pruett, Prosecuting Attorney, Respondent.... in person; Heretofore, on June 3rd, 1980, Judgment was modified. The State filed a Motion to set aside the Modification Judgment, Motion taken up and is by the Court Sustained."
"The State has no notice of hearing set for today on motion to modify.
"Any Motion to Modify is Courts' own motion.
"State has no notice of hearing set for today on Motion to show cause why defendant should not be held in contempt, originally scheduled for hearing on June 3, 1980. June 3, 1980 Motion was courts' own motion. The State not present at any hearings on courts motion set for June 3, 1980.
"The Court modifies the Judgment for the Respondent to pay the sum of $7.00 per week per child (3 children), said payment made through the Circuit Clerk.
"Judgment for Arrearages in the sum of $2,370.00."
[8] Case Nos. 11929-11931; 11933; 11935; and 11945.
[9] State ex rel. Division of Family Services v. John Thomas Cooper, No. 11933.
[10] It would also appear, at least with respect to those proceedings involving modification of prior dissolution decrees or prior modifications thereof, (meaning all but a very few of the underlying proceedings, which are in the nature of paternity actions), that only original parties to those decrees may initiate modification proceedings, Neustaedter v. Neustaedter, 305 S.W.2d 40, 43[5] (Mo.App.1957); accord; State v. Weinstein, 413 S.W.2d 178, 181[3] (Mo. banc 1967).
[11] As previously stated, the records in these proceedings reflect no after trial motion filed on behalf of any party to these proceedings requesting modification on amendment of any of the underlying, final and valid judgments or orders.
[12] The trial judge's name appears as counsel of record at some point in the following cases:

11933 State ex rel. Div. of Family Services v. John Thomas Cooper
11952 State ex rel. Div. of Family Services v. James C. Sweet
11951 State ex rel. Div. of Family Services v. David L. Holifield
11950 State ex rel. Div. of Family Services v. Charles R. Davis
11943 State ex rel. Div. of Family Services v. Lenzey Lee Rodgers
11938 State ex rel. Div. of Family Services v. Walter Vines, Jr.
11927 State ex rel. Div. of Family Services v. Alvin Scott
11947 State ex rel. Div. of Family Services v. Freddie L. Agee
11931 State ex rel. Div. of Family Services v. Rickey Eauing Gifford
11945 State ex rel. Div. of Family Services v. William Otis Adams
12048 State ex rel. Div. of Family Services v. Joe Clyde Lipsey
[13] Canon 3 D Remittal of Disqualification. A judge disqualified by the terms of Canon 3 C(1)(c) or Canon (1)(d) may, instead of withdrawing from the proceeding, disclose on the record the basis of his disqualification. If based on such disclosure, the parties and lawyers, independently of the judge's participation, all agree in writing that the judge's relationship is immaterial or that his financial interest is insubstantial, the judge is no longer disqualified and may participate in the proceedings. The agreement, signed by all parties and lawyers, shall be incorporated in the record of the proceeding.
[14] Relates to financial interest in subject matter in controversy or other interest which could be substantially affected by the outcome of the proceeding, held by judge, spouse or minor child residing in his household.
[15] Relates to kinship to any person who is a party, or officer, director, or trustee of a party to the proceeding.