James E. Reeves, Ward & Reeves, Caruthersville, for plaintiffs.

John P. Heisserer, Thomas L. Arnold, P. C., Benton, for defendant.

**STATE of Missouri, ex rel. Fred FERRELL, Elott H. Raffety and Jerry Whittington, Plaintiffs,**

v.

**Honorable Anthony J. HECKEMEYER, Judge of the Circuit Court of Mississippi County, Missouri, Defendant.**

No. 12547.

Missouri Court of Appeals,
Southern District,
Division Three.

Feb. 22, 1982.

FLANIGAN, Judge.

Plaintiffs in this prohibition proceeding, Rule 97,[1] are Fred Ferrell, Elott H. Raffety and Jerry Whittington. Defendant is Hon. Anthony J. Heckemeyer, Judge of the Circuit Court of Mississippi County, Missouri. The underlying action is Case No. CV181–324CC, pending in that court, in which the plaintiffs are Donald Beggs, Gary Beggs and "Donald Beggs and Gary Beggs in the right of and for the benefit of Mid-Valley Irrigation, Inc., a Missouri corporation." Plaintiffs in this court are defendants in the trial court action. In this proceeding the attorneys who represent defendant judge also represent the trial court plaintiffs.

1. All references to rules are to Missouri Rules of Court, V.A.M.R.

The three-count petition was filed in the trial court on December 10, 1981. The petition alleged that Donald Beggs and Gary Beggs each own 10 shares of the stock of Mid-Valley and Ferrell and Raffety also own 10 shares each; that Ferrell is president and Raffety is secretary and treasurer of Mid-Valley; that in 1978 two shares of stock were issued to Whittington illegally and fraudulently; and that the trial court defendants have engaged in various deceitful, fraudulent and illegal activities pertaining to Mid-Valley's affairs. The relief requested included a declaratory judgment finding that the issuance of the two shares to Whittington was void, an injunction prohibiting Whittington from voting the two shares, an injunction ordering Ferrell and Raffety to correct corporate records, and an order appointing a receiver and liquidating the corporation.

On December 10 Judge Heckemeyer issued, ex parte, a temporary restraining order which was served on that date on the trial court defendants. On the afternoon of December 11 the trial court held a four-hour hearing attended by all of the trial court parties and their respective counsel. At some time during the course of that afternoon the trial court plaintiffs filed an application for a preliminary injunction and at the conclusion of the hearing Judge Heckemeyer issued a preliminary injunction. The temporary restraining order, by its own terms, expired upon issuance of the preliminary injunction.

The petition in prohibition alleged, as one of several grounds for relief, that Judge Heckemeyer lacked authority to issue the preliminary injunction[2] because Judge Heckemeyer "stated on the record . . . that he was indebted for the purchase of equipment from Mid-Valley and upon dissolution of Mid-Valley he could become a debtor to one or more of the individual parties to the action, and that he would not try the case on the merits." For the foregoing reason, among others, the prohibition plaintiffs ar-

gue that the issuance of the preliminary injunction was in excess of Judge Heckemeyer's jurisdiction. The validity of that reason makes it unnecessary for this court to consider other points raised.

At the commencement of the hearing on December 11 Judge Heckemeyer stated to the parties and their counsel: "I probably cannot stay with you through completion of this lawsuit. The reason is quite simple. Each and every one of you are personal friends of mine. That would not really keep me from adjudicating the matter. I don't think that would bother me, but I have done business with this corporation to the tune of a hundred-forty-thousand dollars plus. I am sure I have contractual ties to this corporation, probably cross collaterlations (sic) of some type. Even in the event at some period in these proceedings, if this corporation were dissolved, I am reasonably certain that some of you, and I don't know who or which ones of you, would be required to intervene and probably assume those guaranties on the notes that I owe probably indirectly through your corporation . . . . I suspect I will probably have to disqualify on my own motion for these reasons."

In this court an affidavit filed by Judge Heckemeyer states: "There is a collateral lawsuit [Case No. CV181–324CC] which I advised all parties that I would disqualify from immediately as I did not feel that it would be proper to preside over a trial on the merits of that action. I did not feel, however, that business connection and personal contact would in any way affect the decision as to whether to issue a preliminary injunction in this matter."

It is the command of Rule 2, Canon 3 C(1)(c) that a judge disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including instances where he knows that he "has a financial interest in the subject matter in controver-

2. The petition in prohibition refers to the preliminary injunction as "the order continuing the temporary restraining order." The petition in prohibition was prepared on December 14.

Apparently the preliminary injunction was not reduced to writing until after that date but when so reduced it was dated December 11.

sy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding."

"The duty of a trial judge to recuse when impropriety or the appearance of impropriety appears does not depend on the waiver of the issue by the parties. When cause to recuse appears, a judge must do so. The only exceptions are as follows:

"Rule 2, Canon 3 D permits remittal of disqualification of a judge when the disqualification arises under Canon 3 C(1)(c) or Canon 3 C(1)(d). . . ." *Ham v. Wenneker,* 609 S.W.2d 240, 241 (Mo.App.1980). See also *State ex rel. Div. of Family Serv. v. Oatsvall,* 612 S.W.2d 447, 452[8–12] (Mo. App.1981).

Judge Heckemeyer was disqualified by the terms of Canon 3 C(1)(c). Canon 3 D provides, in pertinent part: "A judge disqualified by the terms of Canon 3 C(1)(c) . . . may, instead of withdrawing from the proceeding, disclose on the record the basis of his disqualification. If, based on such disclosure, the parties and lawyers, *independently of the judge's participation,* all agree *in writing* that the judge's . . . financial interest is insubstantial, the judge is no longer disqualified, and may participate in the proceeding. The agreement, signed by all parties and lawyers, shall be incorporated in the record of the proceeding."

In the trial court there was no compliance with the italicized portions of Canon 3 D and Judge Heckemeyer had a clear duty to disqualify himself.

The brief of defendant judge argues that the preliminary injunction is valid "because any ties between Judge Heckemeyer and Mid-Valley would in no way color Judge Heckemeyer's propensity to grant or deny injunctive relief," and the hearing of December 11 "was not to determine whether or not dissolution of Mid-Valley should be ordered." That brief further argues that "a valid preliminary injunction has been entered, accomplished with notice and an opportunity to be heard, *leaving nothing to be prohibited.*" (Emphasis added.) These arguments are unsound.

If Judge Heckemeyer was disqualified from presiding at the trial on the merits, as he clearly was, he was also disqualified from issuing the preliminary injunction. "An injunction is no mere routine order. An injunction 'is an equitable remedy, and has been held the principal and the most important process issued by courts of equity.' . . . An injunction is not a matter of right and 'its granting rests in the sound discretion of the Court, to be exercised in accordance with well settled equitable principles and in the light of all the facts and circumstances in the case.' . . . *Thus it is obvious that the merits of the case have some bearing upon the Court's decision to order an injunction and that an injunction is an act touching the merits of the case.*" *State v. Creech,* 259 S.W.2d 372, 374 (Mo. banc 1953). (Emphasis added.)

In *Creech* the supreme court, in a prohibition proceeding, dissolved a temporary injunction issued by a disqualified judge. The court rejected the contention that prohibition was not a proper remedy because the act sought to be prohibited (granting a temporary injunction) had already been performed. Quoting from an earlier case the court said at p. 375: "Ordinarily prohibition is preventive, rather than corrective, and issues to restrain the commission of a future act and not to undo an act already performed. Yet there is abundant authority that the remedy is available where a judicial body is proceeding without jurisdiction and some part of its action remains to be performed. If respondent was without jurisdiction to grant the injunction, its enforcement may be prohibited."

Judge Heckemeyer lacked authority to act upon the application for preliminary injunction. That application remains pending in the trial court and may of course be presented to and acted upon by the successor judge. This court expresses no opinion on the merits of that application.

The preliminary order in prohibition is made absolute, the preliminary injunction issued by Judge Heckemeyer in Case No. CV181–324CC is hereby vacated; also vacated are any and all orders or rulings made

by Judge Heckemeyer in said action; defendant judge is hereby directed to disqualify himself instanter in said action and is further directed to refrain from any other and further participation therein.

MAUS, C. J., and TITUS and BILLINGS, JJ., concur.