**Patricia Ann NICHOLS, Respondent,**

v.

**Gaither E. NICHOLS, Appellant.**

**No. 47760.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 8, 1984.

Gaither E. Nichols, pro se.

Robert C. Dodson, Festus, for respondent.

KAROHL, Judge.

Former husband-appellant appeals the trial court's order dismissing his motion to set aside a dissolution decree.

On August 26, 1982 the court entered a default judgment against husband dissolving the parties' marriage. The court awarded wife the property upon which the marital home was built, fire insurance proceeds available after previous destruction of the marital home, household goods and furnishings, an automobile, custody of the three minor children, and child support and maintenance. Husband was awarded an automobile and visitation rights. Husband filed his motion to set aside the judgment on April 15, 1983.

■■■ Pursuant to Rule 74.32 a proceeding to set aside a final judgment must be filed within three years of judgment. It permits a judgment to be set aside for an irregularity patent on the face of the record, lack of adherence to some proscribed rule or mode of proceedings and consisting of either omitting to do something that is necessary for due and orderly conduct of suit or doing it at an unreasonable time or manner. *State ex rel. Div. of Family Serv. v. Oatsvall*, 612 S.W.2d 447, 450 (Mo.App.1981). There is no indication to support a finding that the record was irregular on its face. Therefore setting aside the judgment cannot be sustained under Rule 74.32. The trial court correctly dismissed the motion.

Appellant's pro se brief wholly fails to comply with Rule 84.04 relating to briefs. The facts and issue are barely discernible. We have elected to decide the case on the merits because of the nature of the case. If husband had a remedy it is not to be found in a Rule 74.32 proceeding.

We affirm.

REINHARD, C.J., and CRANDALL, J., concurs.