James GRANT, Appellant,

v.

STATE of Missouri, Respondent.

No. 13944.

Missouri Court of Appeals,
Southern District,
Division Three.

Nov. 4, 1985.

Nancy Hentig Narrow, Public Defender, Benton, for appellant.

William L. Webster, Atty. Gen., Carrie Francke, Asst. Atty. Gen., Jefferson City, for respondent.

FLANIGAN, Judge.

On April 15, 1976, appellant James Grant was convicted of first degree murder and sentenced to life imprisonment. In March 1980 appellant filed a motion, under Rule 27.26,[1] seeking to set aside the sentence. In March 1982 the sentencing court, after evidentiary hearing, denied the motion. Movant Grant filed a notice of appeal to this court which dismissed the appeal in June 1982.

In July 1983 appellant filed his second Rule 27.26 motion. On April 11, 1984, Judge Anthony Heckemeyer entered his order dismissing the proceedings on the second motion. No evidentiary hearing was granted prior to the dismissal. On May 24, 1984, Judge Heckemeyer appointed counsel for appellant. This court subsequently permitted appellant to file a late notice of appeal under Rule 30.03.

The disposition of this appeal is controlled by the validity of appellant's second point to which this court confines its ruling. Appellant's second point is that Judge Heckemeyer erred in failing to disqualify himself because he had previously acted as counsel for appellant with respect to his first Rule 27.26 motion although he withdrew as counsel prior to the hearing on that motion. Judge Heckemeyer, after assuming office, disqualified himself, and of course properly so, in acting as judge in the first motion proceeding. The record contains no explanation, and it could not contain a valid one, why he did not disqualify himself in the proceeding on the second motion.

It is the command of Rule 2, Canon 3C(1)(b) that a judge disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including instances where "he served as lawyer in the matter in controversy." See also Rule 51.-07, setting forth the procedural steps a judge must take if he "shall have been counsel in the civil action." "A proceeding under Rule 27.26 is a civil proceeding, governed by the rules of civil procedure insofar as they are applicable. Rule 27.26(a)." *Warren v. State,* 501 S.W.2d 173, 175 (Mo. 1973).

The state argues that appellant "waived his challenge to the qualification of the trial judge" by failing to apply for a change of judge. That argument is unsound. The duty of Judge Heckemeyer to disqualify himself was absolute. It did not "depend on the waiver of the issue by the parties." *Ham v. Wenneker,* 609 S.W.2d 240, 241 (Mo.App.1980). See also *State ex rel. Ferrell v. Heckemeyer,* 629 S.W.2d 642, 644 (Mo.App.1982); *State ex rel. Div. of Family Serv. v. Oatsvall,* 612 S.W.2d 447, 452[8–12] (Mo.App.1981). Although Rule 2, Canon 3D permits "remittal of disqualification" in certain situations, the instant situation is not within those exceptions.

Judge Heckemeyer lacked authority to act in this proceeding. Movant's instant Rule 27.26 motion remains pending in the trial court for presentation to, and appropriate action by, the successor judge. This court expresses no opinion on the merits of that motion.

The judgment entered by Judge Heckemeyer is hereby vacated. Also vacated are any and all orders or rulings made by Judge Heckemeyer in the instant proceeding; the cause is remanded; Judge Heckemeyer is hereby directed to disqualify himself instanter in this proceeding and to refrain from further participation herein other than to comply with Rule 51.07(1). It is so ordered.

PREWITT, C.J., CROW, P.J., and MAUS, J., concur.

1. All references to Rules are to Missouri Rules    of Court, V.A.M.R.