James **TURNER**, Jr., Movant-Appellant,

v.

**STATE of Missouri, Respondent.**

No. 39250.

Missouri Court of Appeals,
St. Louis District,
Division One.

Nov. 15, 1977.

Motion for Rehearing and/or Transfer
Denied Dec. 16, 1977.

David V. Uthoff, St. Louis, for movant-appellant.

John D. Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

McMILLIAN, Judge.

Movant-appellant appeals from a judgment and order of the circuit court of St. Louis City denying, without an evidentiary hearing, his Rule 27.26, V.A.M.R., motion to vacate and set aside his conviction for the illegal possession of a controlled substance. *State v. Turner,* 543 S.W.2d 270 (Mo.App. 1976). We affirm.

Prior to the filing of the instant Rule 27.26 motion, appellant filed another Rule 27.26 motion. Because an appeal was pending in this court at the time the first Rule 27.26 motion was filed, the trial court, and properly so, dismissed the motion as premature. Rule 27.26(b)(2).

In the present motion appellant set forth two grounds for relief: (1) lack of a knowing waiver to a trial by a jury, and (2) ineffective assistance of counsel and unconstitutional sentencing.

In denying appellant's motion for relief, the trial court specified two grounds—first, that appellant had exhausted his remedy by failing to appeal the dismissal of the first Rule 27.26 motion as premature; and, second, that the pending motion "failed to allege with the sufficient degree of specificity, those factual matters upon which his claim is based."

■ To support the dismissal of appellant's motion, it is only necessary to show that the trial court's action was proper, and not that the court's assigned reasons were correct. *State v. Garton,* 371 S.W.2d 283, 290 (Mo.1963); *State v. Anderson,* 386 S.W.2d 225, 229 (Mo. banc 1963); *Umfress v. State,* 512 S.W.2d 178, 179 (Mo.App.1974).

In *Smith v. State,* 513 S.W.2d 407, 411 (Mo. banc 1974), the court declared the standard for review as to whether a movant was entitled to an evidentiary hearing to be: ". . . (Movant) . . . must plead *facts,* not conclusions, which, if true, would entitle him to relief and must show that such factual allegations are not refuted by facts elicited at the guilty plea hearing." While *Smith* dealt with a collateral attack upon a guilty plea, the same standard has been employed in cases where no guilty plea was involved. *Arnold v. State,* 545 S.W.2d 682, 683 (Mo.App.1976); *Voegtlin v. State,* 546 S.W.2d 40, 41 (Mo.App. 1977).

Applying the *Smith* standard, appellant's allegation as to the jury waiver is without merit. The trial record refutes his contention because the trial court not only asked him if his attorney had explained to him his right to be tried by a jury, but also explained to appellant the consequences of the waiver.

Appellant alleges two grounds as the basis of his claim that counsel's assistance was ineffective. First, counsel neglected to interview any of the state's witnesses; and, second, counsel failed to interview or subpoena prospective alibi witnesses, whose names appellant asserts he supplied counsel several weeks before trial.

Both allegations are mere conclusional statements, devoid of any supporting facts. Appellant neither names any witnesses to whom he is referring nor shows how the proposed interviews would have been beneficial to the preparation of his defense. *Haliburton v. State*, 546 S.W.2d 771 (Mo. App.1977). Additionally, appellant's second complaint is contrary to the record. During the trial, counsel stated that she had just been informed by appellant that two alibi witnesses were in the court; that she assumed them to be alibi witnesses; and that Mr. Sullivan (the prosecutor) did not know about them because she did not know about them. Subsequently, after interviewing the two witnesses in the presence of appellant, they both agreed not to call the two witnesses. Consequently, we disallow both contentions.

Finally, we reject the allegation of error pertaining to the sentences imposed upon the appellant. True, § 546.480, RSMo 1960, requires that a sentence imposed upon a second or subsequent conviction to run consecutively from the sentence on the first conviction, but some of the sentences imposed upon appellant ran concurrently with the first count sentence and with each other. Thus, we find that the trial court was merely exercising the discretion permitted it in determining whether sentences would run consecutively or concurrently. *State v. Baker*, 524 S.W.2d 122, 131 (Mo. banc 1975);

*Lawson v. State*, 542 S.W.2d 796, 797 (Mo. App.1976).

Accordingly, judgment is affirmed.

CLEMENS, P. J., and SMITH, J., concur.