In re ESTATE of Jesse (Jess) FUGETT, Deceased.

L. D. GLENN, Jr., Executor, Respondent,

v.

Maggie J. FUGETT, Respondent,

and

Veda Elaine Jacobs and Helen Marie Jacobs, Appellants.

No. 29417.

Missouri Court of Appeals, Kansas City District.

April 3, 1978.

Richard N. Brown, Brown & Casey, Brookfield, for appellants.

Michael L. Midyett, Midyett & Shea, Keytesville, for respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

TURNAGE, Judge.

L. D. Glenn, Jr., executor of the estate of Jesse (Jess) Fugett, filed a petition in the probate court in which he sought to establish title to a bank account. The petition alleged a controversy had arisen among the heirs as to whether or not the bank account should be included as an asset of the estate. The probate court determined the bank account was in the joint ownership of Jess Fugett and his wife Maggie Fugett so that the same became the sole property of Maggie on the death of Jess.

Elaine Jacobs and Helen Jacobs, daughters of Jess by a previous marriage, appealed to the circuit court. That court entered a judgment likewise finding Maggie was the owner of the account. This appeal follows.

The daughters Jacobs contend in this court the circuit court erred in not granting them a jury trial. Reversed and remanded.

While the petition of the executor Glenn did not designate it as being an action under § 473.340, RSMo 1975 Supp., for the discovery of assets the parties on this appeal treat the petition as one filed under that section. Such section provides for the filing of a verified petition in the probate

court by an executor, administrator, creditor, beneficiary, or other person who claims an interest in personal property. The section further provides the service of summons and answer, together with all subsequent proceedings shall be governed by the rules of civil procedure. Another provision allows any party to demand a jury trial.

No demand for a jury trial was made in the probate court, but when the cause came on for hearing in the circuit court, the Jacobs demanded a jury trial. Without an explanation the court refused the demand and tried the case without a jury.

On this appeal the dispositive issue is the refusal of the trial court to order a jury trial.

In defense of the refusal of a jury trial, Maggie contends such action was justified for the following reasons: (1) the petition filed in probate court was not verified; (2) the Jacobs daughters were not joined as a party of record by order of either the probate or circuit court; (3) the Jacobs daughters failed to demand a jury trial in the probate court; and (4) the Jacobs daughters failed to file any pleading in the circuit court.

■ As noted, § 473.340 requires the petition to be verified. However, no objection was made to the lack of verification in either the probate or circuit court. The failure to object and proceeding to trial waived any defect the petition may have suffered by lack of a verification. *Rains v. Moulder,* 338 Mo. 275, 90 S.W.2d 81, 86[14] (1936).

■ Likewise no objection was made in either probate or circuit court to the failure to join the Jacobs as parties. Because she failed to raise this question in the trial court, Maggie has waived her right to complain in this court. *Matter of Estate of Stickler,* 551 S.W.2d 944, 949[1] (Mo.App. 1977). The same result obtains on the failure of the Jacobs daughters to file an answer. Section 473.340 contemplates a petition and answer to be filed in the probate court, however, no objection was made in either court on the failure to file such

pleading. When Maggie proceeded to trial without objecting to the failure to file an answer, this defect was likewise waived. *Gregg v. Johnston,* 546 S.W.2d 754, 756[4] (Mo.App.1977).

■ Maggie further contends the Jacobs daughters were not entitled to a jury trial in the circuit court because they failed to request a jury in the probate court. Section 473.340 provides for the action to be filed initially in the probate court. Such section allows any party to demand a jury trial. Of course, a party to an action brought under this section may appeal from the probate court to the circuit court under § 472.160, RSMo 1969. On appeal under § 472.250, RSMo 1969, the circuit court is possessed of a cause and shall proceed to try and determine the same anew. In short, a trial de novo is granted in the circuit court. While the action in the circuit court remains one under § 473.340, the trial in the circuit court is held as if none had ever occurred in the probate court. The provision allowing any party to demand a jury may be waived in either court or may be demanded in either court without regard to whether a jury was demanded in either court. Thus, the fact the daughters Jacobs did not demand a jury trial in the probate court constituted no bar to such demand in the circuit court.

■ The denial to Jacobs daughters of a jury trial requires a reversal and remand unless it can be said as a matter of law there is no issue of fact to be submitted to the jury. The facts adduced in the trial conducted by the court indicate there is a factual issue to be submitted to a jury. Jess Fugett opened a bank account in the Bosworth State Bank in January, 1965. A signature card was introduced in evidence which bore the following: "Below please find duly authorized signatures which you will recognize in the payment of funds or the transaction of other business on our account." Below this statement appeared the signatures Jess Fugett, Maggie J. Fugett. No other writing appeared. The balance sheets on this account were introduced which bore the name "Fugett, Jess or Maggie."

It is apparent § 362.470,* RSMo 1969, was not complied with, and, therefore, no statutory joint deposit was created. See *Estate of LaGarce,* 487 S.W.2d 493 (Mo. banc 1972). The rule to be applied in this case is stated in *Fulton v. Fulton,* 528 S.W.2d 146, 157, 158[28–31] (Mo.App.1975):

It matters not that the account did not designate them as being husband and wife, for they were that in fact at all times herein concerned. *State Bank of Poplar Bluff v. Coleman,* 241 Mo.App. 600, 609, 240 S.W.2d 188, 190 (1951). Under such conditions and irrespective of statutes relating to joint bank accounts [*McIntyre v. McIntyre,* 377 S.W.2d 421, 425[7] (Mo.1964)], the account and deposits thereto are presumed to be held in an estate by the entirety whether the husband or the wife or both furnished the monies that went into the account. *In re Estate of Jeffries,* 427 S.W.2d 439, 444[2] (Mo.1968); *In re Estate of O'Neal,* 409 S.W.2d 85, 90–91[2–5] (Mo.1966). Although the presumption is rebuttable, the evidence to overthrow it must be so strong, clear, positive, unequivocal and definite as to leave no doubt in the chancellor's mind. *In re Estate of Jeffries,* supra, 427 S.W.2d at 444[3].

As the above statement from *Fulton* indicates, the account here is presumed to have created an estate by the entirety in Jess and Maggie regardless of which one or both furnished the money. The trial judge correctly indicated this view of the law and stated the hearing he held was to determine whether or not the daughters Jacobs could introduce sufficient evidence to rebut that presumption. Although the trial court did not believe the evidence sufficient to overcome the presumption of a tenancy by the entirety, it cannot be said a jury would reach the same conclusion.

In view of the disposition being made of this case, it is not necessary to discuss the other points.

The judgment is reversed and the cause is remanded for a jury trial.

All concur.

* Amended Laws 1977.