Gary Leon **RILEY**, Defendant-Appellant,

v.

**STATE of Missouri,**
**Plaintiff-Respondent.**

No. 40211.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 9, 1979.

Henderson, Heagney & Thomas, Philip Heagney, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Weldon W. Perry, Jr., Steven Scott Clark, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for plaintiff-respondent.

KELLY, Judge.

Gary Riley, appellant, was indicted by the Grand Jury of the City of St. Louis and charged in two separate indictments—No. 77–193–B and No. 77–194–B—with five offenses against the criminal laws of the State of Missouri. In Cause No. 77–193–B he was charged in Count I with the offense of robbery in the first degree; in Count II, armed criminal action; and in Count III, assault with intent to kill. In Cause No. 77–194–B he was charged in Count I with the offense of robbery in the first degree and in Count II with armed criminal action.

On September 13, 1977, he, with counsel, entered pleas of guilty to the two robbery in the first degree counts, the assault with intent to kill count, and the armed criminal action count alleged in Count II of Cause No. 77–193–B. The armed criminal action count in Cause No. 77–194–B was nolle prossed by the state. On his pleas of guilty the trial court sentenced him to 17 years imprisonment in the custody of the Missouri Department of Corrections on the two robbery in the first degree counts and the assault with intent to kill count, said sentences to be served concurrently and not consecutively. On his plea of guilty to the armed criminal action count in Cause No. 77–193–B he was sentenced to a term of 3 years, said sentence to be served consecutively with the other sentences imposed at the same plea proceedings on the other charges.

On September 23, 1977, his counsel filed an appeal from the conviction on the armed criminal action count only.[1]

On December 1, 1977, while the appeal was still pending in this court, appellant pro se, filed a "Motion to Vacate, Set Aside, or Correct Sentence Brought Under Rule 27.-26" on the form set out in the appendix to Rule 27.26. According to this Motion the sentences appellant sought to have vacated, etc. were those imposed in the Circuit Court of the City of St. Louis in cases whose numbers were "unknown" for the offenses of "robbery, first degree; assault with intent to kill with malice; armed robbery; and two counts of armed criminal action," for which he was sentenced on September 13, 1977, to "three seventeen year sentences, and one three year sentence running consecutive. (sic)" He failed to answer question No. 6 on the form: "Did you appeal from the judgment of Conviction?" His response to questions 7(a) and (b) inquiring to what court he had appealed and the result of such appeal and the date of the result, was "does not apply."

The grounds stated for vacating, setting aside or correcting his convictions were: (1) that his plea was involuntary for the reason the judge threatened him prior to the guilty plea with a fifty year sentence if he did not plead guilty to the 17 years; (2) he did not knowingly and intelligently waive his right to a jury trial, to cross-examination, and confrontation of state witnesses, to compulsory process for the attendance of witnesses, to allow the state prove his guilt beyond a reasonable doubt, but that they were waived out of fear of the judge's threats to the movant; (3) that his plea of guilty was given under coercion and duress because the trial judge had become involved against him and he had not been advised that he could file a motion to disqualify the judge; (4) that his pleas of guilty were in violation of Article I, Sections 2 and 10 of the Mis-

---

1. The general rule applicable where a direct appeal is taken from a guilty plea is stated in *State v. LePage*, 536 S.W.2d 834, 835[1] (Mo. App.1976); the scope of review is restricted to whether the court accepting the plea had jurisdiction of the subject matter and whether the criminal charge is sufficient.

souri Bill of Rights and the 5th, 6th and 14th amendments to the United States Constitution.

He further stated in response to question No. 9—"State concisely and in the same order the facts which support each of the grounds set out in (8), and the names and addresses of the witnesses or other evidence upon which you intend to rely to prove such facts"—that:

(a) Movant will testify that his lawyer told him bluntly that [the judge] stated and told him that if the movant did not take the 17 years, that [the judge] would give the movant 50 years;

(b) Movant will testify that he appeared and answered questions accordingly because he was scared of [the judge]; and

(c) The movant will testify that as the result of the statements, the movant entered his plea of guilty; and that movant was scared of what action [the judge] would take if the movant would not cooperate and plead.

The Motion was not verified as required by Rule 27.26(c).

Simultaneously with the filing of his 27.-26 Motion, appellant filed an "Application for Disqualification of Judge." This latter motion was sustained and the cause assigned to another judge of the Circuit Court of the City of St. Louis.

On December 13, 1977 the Circuit Judge to whom the Motion had been assigned entered an order including findings of fact and conclusions of law denying appellant's Rule 27.26 Motion, after ruling that he was not entitled to the assistance of counsel or to an evidentiary hearing thereon. This order noted that neither the Motion nor the forma pauperis affidavit filed by appellant was notarized and that this alone was grounds warranting its dismissal. It further recited that the transcript of the plea proceedings refuted the allegations of appellant concerning threats made to him by the sentencing judge, that he did not knowingly and intelligently waive those constitutional rights referred to in his Motion, and that the other allegations of his Motion neglected to allege specific facts, but rather alleged mere conclusions. Appellant's Motion was "dismissed with prejudice."

On January 3, 1978, appellant filed an application for appointment of counsel, for an appeal, for leave to appeal in forma pauperis, and for allowance of a transcript in forma pauperis. On the same date the trial court filed an order giving an additional reason for overruling defendant's 27.26 Motion, granting defendant leave to appeal in forma pauperis, and appointing an attorney to represent him on appeal.

The "additional reason for overruling defendant's 27.26 Motion" was the pending appeal from the judgment in Cause No. 77–193–B, in violation of the provisions of Rule 27.26(b)(2).

On March 2, 1978, appellant filed a Notice of Appeal "from the judgment" denying his 27.26 Motion for a hearing on his convictions in Causes Nos. 77–193–B and 77–194–B entered on the 27th day of December, 1977. Later, on March 13, 1978, appellant filed a Motion for Special Order to File a Late Notice of Appeal in this court. While this Motion was pending, on March 20, 1978, appellant filed a second 27.26 Motion directed against the judgment and sentence imposed in Cause No. 77–193–B on the armed criminal action charge from which he had appealed. In this Motion appellant alleged that the appeal on that charge had been dismissed and admitted that the trial court was correct in dismissing his prior 27.26 Motion on the grounds that an appeal was pending on the armed criminal action judgment.

On March 27, 1978, this court sustained appellant's Motion to File a Late Notice of Appeal from the judgment denying his 27.-26 Motion entered on December 27, 1977, and allowed him 10 days to file the Notice. This late Notice of Appeal was filed on March 28, 1978.

On March 30, 1978, the trial court denied appellant's second 27.26 Motion filed on March 20, 1978, for the same reasons it had overruled the prior 27.26 Motion, and for the further reason that it was foreclosed because the ground presented therein had

been raised in the earlier 27.26 Motion. Appellant filed a Notice of Appeal from this judgment on March 31, 1978.

The rulings we are asked to review were entered prior to November 6, 1978, the date on which *Fields v. State*, 572 S.W.2d 477 (Mo. banc 1978) was handed down; therefore the Rule enunciated therein with respect to the appointment of counsel for indigent pro se movants was inapplicable.

■ Rule 27.26(b)(2) specifically provides that a motion to vacate, set aside or correct a sentence cannot be maintained while an appeal from the conviction and sentence is pending or during the time within which an appeal may be perfected. The filing of a Rule 27.26 Motion while on appeal of the judgment and sentence sought to be vacated therein is still pending, renders the Motion premature and subject to dismissal on that ground alone. *Turner v. State*, 559 S.W.2d 555, 556 (Mo.App.1977); *Faught v. State*, 539 S.W.2d 750, 751 (Mo.App.1976); *Gibson v. State*, 536 S.W.2d 506 (Mo.App. 1976).

■ To support the dismissal of a motion under Rule 27.26 to vacate and set aside conviction, it is only necessary for the Court of Appeals to show that the trial court's action was proper and not that the reasons assigned by the trial court were correct. *Turner v. State*, 559 S.W.2d 555, 556[1]. The Rule is designed to discover and adjudicate all claims for relief in one application and to avoid successive motions. *Fields v. State*, 572 S.W.2d 477, 480 (Mo. banc 1978). One of the reasons for requiring that the motion be verified, stated in the Instructions on the form for filing of the motion, is that "any false statement of a material fact therein may serve as the basis of prosecution and conviction for perjury." Appellant, by his failure to verify this Rule 27.26 Motion, and alleging therein that no appeal was pending when in fact one was, deliberately or unwittingly misled the trial court and attempted to evade the onus of the verification requirement.

■ Under these circumstances we conclude the trial court did not err in dismissing appellant's Rule 27.26 Motion to Vacate, etc., because an appeal was pending and therefore the Motion could not be maintained. Rule 27.26(b)(2). The withdrawal of this appeal on January 25, 1978, was not called to the attention of the trial court until appellant filed his second Rule 27.26 Motion on March 20, 1978, at which time only the armed criminal action plea was attacked.

However, because of the declared exclusivity of the remedy afforded by Rule 27.26 and the provisions of paragraph (c) of the Rule that the motion include every ground known to the prisoner for vacating and setting aside the conviction and sentence, and in the interest of trying all known grounds at the same time in one proceeding instead of trying them piecemeal, together with the fact that at the time the Motion was filed an appeal was pending and that the Motion itself was unverified, the dismissal should not have been "with prejudice." It was properly dismissed because it was premature and in violation of paragraphs (b)(2) and (c) of Rule 27.26, but it should have been without prejudice to filing a new Rule 27.26 Motion in proper time and in a verified form.

Inasmuch as we conclude that the trial court did not err in dismissing appellant's two Rule 27.26 Motions, but that the dismissal should have been without prejudice, pursuant to the authority of Rule 84.14 we affirm the dismissal of the two Motions without prejudice.

STEPHAN, P. J., and STEWART, J., concur.