James GRANT, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 14809.

Missouri Court of Appeals,
Southern District,
Division One.

April 20, 1987.

Motion for Rehearing or to Transfer to
Supreme Court Denied
May 11, 1987.

Application to Transfer Denied
June 16, 1987.

---

Susan L. Hogan, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Kurt Hentz, Asst. Atty. Gen., Jefferson City, for respondent.

GREENE, Presiding Judge.

James Grant appeals from the trial court's denial of his petition for post-conviction relief filed pursuant to Rule 27.26.[1]

In 1976, Grant was convicted of first degree murder and was sentenced to life imprisonment. On direct appeal, Grant's privately retained lawyer was allowed to withdraw, after a written representation by Grant, that he wished to terminate his trial attorney's services because he had hired other counsel. In truth, Grant, who was then confined in the penitentiary, had not hired other counsel, but was receiving advice concerning his appeal from what the record refers to as "jailhouse lawyers."

The direct appeal was later dismissed for failure to file a proper and timely record with the appellate court.

After a series of quasi legal maneuvers, which are not germane here, but which illustrate the perils of relying on penitentiary inmates who are self-appointed legal experts as a substitute for licensed attorneys, Grant filed a motion to vacate his murder conviction contending that (1) his trial counsel was ineffective by not advising him what legal steps were necessary to perfect his appeal, and by filing a late notice of appeal which caused the dismissal, and (2) Grant had never made an intelligent waiver of his right to appeal his murder conviction. The motion was dismissed without evidentiary hearing.

On appeal from that dismissal, this court reversed the motion court's order, pointing out that the motion court judge, prior to being elected judge, had been a court-appointed lawyer for Grant at earlier stages of the proceedings and, that for that reason, should have disqualified himself as judge in the case. *Grant v. State*, 700 S.W.2d 170 (Mo.App.1985). The judgment dismissing Grant's 27.26 motion was vacated, and the cause was remanded with orders that the motion judge disqualify himself, and that the matter be heard by a successor judge. This court expressed no opinion on the merits of the motion.

On remand, after further legal maneuverings which are irrelevant for the purposes of this appeal, a successor motion court judge conducted an evidentiary hearing, made written findings of fact and conclusions of law, and denied relief. This appeal followed.

In its findings and conclusions, the motion court stated:

Movant's appeal was dismissed because he terminated his trial attorney, telling him he had hired other counsel, and then did nothing.

Movant claims he never waived his right to appeal. Movant had an appeal pending, terminated his attorney, relied on jailhouse lawyers and then did not in

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R.

fact obtain a new lawyer. By terminating his trial attorney who was handling the appeal, and by then doing nothing, the Movant, by his actions, did in fact waive his appeal.

This Court finds that Movant has not proved that his trial attorney was ineffective and that he was prejudiced thereby.

Further, this Court finds that by his own actions, Movant waived his right to appeal.

Our review is limited to a determination of whether these findings and conclusions are clearly erroneous. Rule 27.26(j).

■ In order to prevail on a claim of ineffective assistance of counsel, a movant in a 27.26 proceeding must show that his lawyer failed to exercise the customary skill and diligence that a reasonably competent attorney would have exercised under similar circumstances and that movant was prejudiced thereby. *Seales v. State*, 580 S.W.2d 733, 735–737 (Mo. banc 1979).

In his only point relied on in his appeal brief, Grant alleges his trial counsel was ineffective because he (1) failed to timely file a notice of appeal, and (2) failed to determine whether Grant "wished to proceed as a poor person, or to waive his right to an appeal altogether."

■ We first address the question of whether Grant's trial attorney timely filed the notice of appeal and, if not, did such failure prejudice Grant.

The relevant facts introduced on this issue at the evidentiary hearing are as follows. On May 27, 1976, Grant was sentenced, and judgment of conviction was entered. At that time, Grant's trial counsel advised both Grant and his mother of Grant's right to appeal, including discussions as to time limitations for filing, and the option to appeal as a poor person. At that time, Grant did not want to appeal, but later changed his mind. The notice of appeal was filed in the circuit court on June 17, 1976, and in this court on June 21, 1976. It was not timely filed, since Rule 30.01(d) provides that a notice of appeal shall be filed no later than 10 days after judgment.

However, the untimeliness of the notice did not affect the appeal, as the issue of timeliness was not raised by either the state or this court.

We cannot say, as a matter of law, that counsel was ineffective by not filing the notice before he did. The only logical assumption is that it was not filed earlier because Grant had said he did not want to appeal, and that it was later filed when Grant changed his mind. Also, the record does not show, and Grant does not allege in his brief, how the late filing prejudiced him. The appeal was not dismissed because of the late filing. It was dismissed long after trial counsel had, at Grant's request, withdrawn as appellate attorney, because the appeal had not been perfected. There was no proved prejudice as a result of the late filing.

■ Grant's remaining allegation is that his trial counsel rendered ineffective assistance because he failed to advise Grant that he had a right to appeal as an indigent, and failed to inquire if Grant wished to waive his appeal.

The record on this issue discloses the following facts. Grant was incarcerated in the penitentiary shortly after he was sentenced, and began to discuss his case with several inmates who were referred to at the evidentiary hearing as "jailhouse lawyers." None were licensed attorneys. One inmate, Andrew Sales, was evidently Grant's principal advisor.

On August 4, 1976, Grant wrote to his trial attorney and asked if his appeal had been filed, and requested a copy of the trial transcript. Counsel responded by a letter dated August 10, 1976, advising Grant that his appeal had been filed and that if Grant wanted to pursue the appeal, it was necessary to request that a transcript be prepared. The attorney gave Grant a deadline of September 1 to advise him what Grant wanted to do. On August 17, Grant's response stated, "just file the motion for appeal" and to "forget about the transcript." A postscript to the letter stated, "After you file the motion for appeal, don't proceed with the case any more."

On August 23, trial counsel again wrote to Grant. This letter advised Grant that the "motion for appeal" had been filed, and that if Grant desired him to withdraw as his attorney to "please send me another letter indicating so, and I will withdraw as your attorney of record." The letter further requested that Grant respond as soon as possible, as there was only a limited time to perfect the appeal. On August 27, Grant responded, stating in his letter, "I have terminated you and hired another attorney to carry on with my case. I no longer need you. Please let the appeal proceed." The trial attorney then petitioned this court for leave to withdraw, as requested by Grant. Leave was granted on September 16, and Grant was so notified.

Grant continued to consult with Sales and other inmates, but did nothing to perfect the appeal. On February 25, 1977, Grant's appeal was put on a dismissal docket by this court for failure to file a transcript and legal file, as mandated by Rule 30.14. Grant was notified, in writing, that he had 15 days to cure any default. He did nothing and, on March 2, his appeal was dismissed.

Grant's appeal was not dismissed because of any dereliction of duty on the part of his trial attorney. It was dismissed because Grant and his inmate advisors had not taken the proper procedural steps to secure appellate review. By failing to perfect his appeal, Grant abandoned it, and cannot, 10 years later, seek to transfer blame to his trial lawyer for what is his own fault. His reliance on "jailhouse lawyers" to preserve his civil rights was a choice he voluntarily made. Once he made it, he and they were bound by the same standards of legal competence as those who are admitted to practice law, and their failure to comply with court rules and procedures are not to be excused on the grounds that they are not lawyers. *Giles v. State*, 633 S.W.2d 82, 84 (Mo.App.1981); *Adail v. State*, 612 S.W.2d 6, 7–8 (Mo.App. 1980).

The evidence points to the fact that Grant's voluntary reliance on the advice of his fellow inmates was the cause of his failure to obtain appellate review, and there is no proof of the alleged ineffectiveness of his trial counsel.

The findings, conclusions, and order of dismissal are not clearly erroneous. Order of dismissal affirmed.

CROW, C.J., and FLANIGAN, J., concur.