Kourtney Jay KENNEDY, Movant/Appellant,

v.

STATE of Missouri, Defendant/Respondent.

No. 15053.

Missouri Court of Appeals, Southern District, Division One.

July 31, 1987.

Motion for Rehearing or Transfer to Supreme Court Denied Aug. 20, 1987.

Application to Transfer Denied Sept. 15, 1987.

Elizabeth Bock, Asst. Public Defender, Springfield, for movant/appellant.

William L. Webster, Atty. Gen., Jeffrey Philip Dix, Asst. Atty. Gen., Jefferson City, for defendant/respondent.

HOLSTEIN, Judge.

Kourtney Jay Kennedy ("Movant") appeals from a denial of post-conviction relief in a Rule 27.26 [1] proceeding. In his motion, it is claimed that movant's Sixth Amendment right to effective assistance of coun-

sel was denied when his trial attorney failed to perfect an appeal from his conviction in the underlying case. Movant raises three points on appeal. Two points are interrelated. Movant claims the motion court applied the wrong standard by requiring him to prove that grounds existed which would have resulted in reversal on appeal. The second point is that the motion court erroneously found movant was effectively represented by counsel in that he was unrepresented from the time he was sentenced until the time to appeal had expired. Movant's third point is that the motion court refused to allow him to present evidence on issues which were not included in his Rule 27.26 motion, as amended.

Following a jury trial on May 12, 1983, movant was found guilty of second degree murder and, thereafter, punishment was assessed at a term of forty years. No appeal was taken.

On November 14, 1985, movant filed a pro se Rule 27.26 motion. Thereafter, on March 20, 1986, under threat of dismissal, an amended motion was filed alleging only one ground for relief. The amended motion alleged that although movant desired to appeal his conviction, his attorney had failed to file and perfect such appeal.

The motion, as amended, was heard on December 1, 1986. Movant testified that after he was sentenced, he wanted to appeal. However, he could not remember telling his lawyer he wanted to appeal and thought he had signed a document saying he *did not* wish to appeal. His trial attorney testified that after the sentencing, he discussed an appeal with movant. In view of the possibility of a more severe penalty in the event of reversal and retrial, movant informed the attorney that no appeal was desired.

■ Among its findings, the motion court found that there was no showing by movant any grounds existed which might have resulted in reversal on appeal. Movant argues that in order to establish prejudicial ineffective assistance of counsel in a

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R.

case in which an appeal is not perfected, a defendant is not required to prove grounds exist justifying reversal on appeal, citing *Chastain v. State*, 688 S.W.2d 58 (Mo.App. 1985). In order to demonstrate ineffective assistance of counsel in such cases, a criminal defendant must show that he wished to appeal and his attorney either refused or negligently failed to appeal. *Chastain v. State*, supra, 61; *Pinson v. State*, 688 S.W.2d 783, 785 (Mo.App.1985).

■ We agree with movant's statement of the standard to which courts hold attorneys in filing and perfecting appeals. Were it not for a separate factual finding, we might grant relief. The motion court found that after movant was informed by trial counsel that he could receive a more severe punishment if he were to successfully appeal and obtain a new trial, he expressly denied any desire to appeal. The motion court also found that movant did not communicate his alleged desire to appeal to his attorney. Where a notice of appeal was not filed because movant did not want to appeal, movant has failed to establish that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would have exercised. *Grant v. State*, 729 S.W.2d 631, 633 (Mo.App.1987). Movant's first point is without merit.

■ Movant's second point is groundless. The amended 27.26 motion did not allege that movant was unrepresented during the "critical stage" between the time he was sentenced until the time to appeal expired. However, evidence was presented that trial counsel made an oral motion to withdraw at about the same time that he argued the motion for new trial. It was trial counsel's intent not to represent movant on appeal, having not been retained for such purpose and having been instructed by movant that no appeal was desired. The oral motion to withdraw was never sustained by the trial court. Treating the motion as amended to conform to the evi-

dence [2], movant was represented by counsel during the period of time in question. The motion court's finding that movant was not denied effective assistance of counsel is not clearly erroneous. Movant's second point is denied.

Movant's final point deals with his attempt to offer proof on issues which he candidly admits were not included in his 27.26 motion, as amended. Following an objection by the state which the court sustained, movant offered to prove that he was denied effective assistance of counsel because his attorney failed to call two character witnesses and failed to obtain a cane with a sword in it which allegedly was in possession of the victim.

■ As previously noted, the procedure before the motion court, and here, is governed by the Rules of Civil Procedure. Rule 27.26(a). The Rules of Civil Procedure relating to the amendment of pleadings are applicable in Rule 27.26 proceedings. *Garrett v. State*, 528 S.W.2d 174, 176 (Mo.App.1975). Rule 55.33 provides the methods for amending pleadings. After movant's court-appointed counsel filed the amended motion on March 20, 1986, no other effort was made to amend the pleadings in conformity with the Rules of Civil Procedure. In addition, movant had filed an affidavit alleging that he included in his original motion every ground known to him for vacating his conviction. Rule 27.26(c). The motion court committed no error in sustaining the objection to evidence outside the issues framed by the pleadings. See *Lieber v. Bridges*, 650 S.W.2d 688, 691 (Mo.App.1983).

■ While not essential to our decision, we note that movant did not make a sufficient record to show how he was prejudiced by his attorney's failure to call character witnesses or obtain the sword/cane. The offer did not show what the character witnesses would say if called. The offer of proof did not show the availability of the sword/cane. Nor did the offer show that

---

2. Rule 27.26(a) provides, "The procedure before the trial court and on appeal is governed by the Rules of Civil Procedure insofar as applicable." Rule 55.33(b) provides, "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings."

the victim had used or threatened to use the sword/cane against the movant. The offer did not even suggest that the victim had possession of the sword/cane at the time of the fatal attack. Movant only testified that other witnesses at his trial denied its existence. It is assumed that a party making an offer of proof does so as fully and as favorably as he could. *State v. Rinehart*, 646 S.W.2d 827, 829 (Mo.App. 1982). Assuming the motion had contained the allegations presented in the offer of proof, such allegations would probably be insufficient to justify any relief. The motion must allege facts rather than conclusions, and those facts must have resulted in prejudice to entitle movant to an evidentiary hearing. *Dunn v. State*, 620 S.W.2d 13, 14 (Mo.App.1981).

The judgment of the trial court is affirmed.

CROW, C.J. and GREENE, P.J., concur.