Gary Lee REYNOLDS,
Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 16425.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 30, 1990.

Carr L. Woods, Monett, for movant-appellant.

William L. Webster, Atty. Gen., Stewart M. Freilich, Asst. Atty. Gen., Jefferson City, for respondent.

PER CURIAM.

Movant Gary Lee Reynolds appeals from the trial court's denial, after evidentiary hearing, of his Rule 29.15 [1] motion seeking to vacate a judgment and sentence pronounced by that court in 1979. The convic-

1. All references to rules are to Missouri Rules of

tion, based on a jury verdict, was affirmed on appeal. *State v. Reynolds*, 608 S.W.2d 422 (Mo.1980).

■ The instant motion was filed July 1, 1988, and was untimely. Since the sentence was pronounced prior to January 1, 1988, and no prior motion was filed pursuant to Rule 27.26, the instant Rule 29.15 motion, to have been timely, must have been filed "on or before June 30, 1988." Rule 29.15(m).

The time limitations contained in Rule 29.15 are valid and mandatory. *Day v. State*, 770 S.W.2d 692, 695[1] (Mo. banc 1989). Movant's failure to file the motion on or before June 30, 1988, "constitutes a complete waiver of the right to proceed under [Rule 29.15]." *Id.*, at 696[3].

■ Although movant, on June 24, 1988, filed a motion, it was unsigned. It did not comply with the signature and verification requirements of Criminal Procedure Form 40 and was thus not "substantially in the form" of Criminal Procedure Form 40. It was therefore a nullity. See *Batson v. State*, 774 S.W.2d 882, 884[2] (Mo.App. 1989), where an unverified motion, under similar Rule 24.035, was held to be a nullity. See also *Quinn v. State*, 776 S.W.2d 916, 918[2] (Mo.App.1989); *Mills v. State*, 769 S.W.2d 469, 470 (Mo.App.1989).

Although the trial court heard the motion on its merits and denied it, its correct course would have been to enter an order of dismissal. Pursuant to Rule 84.14, this court hereby sets aside the order of the trial court and, in lieu thereof, enters the following order: "This proceeding is dismissed for the reason that it was not filed within the time limit prescribed by Rule 29.15(m), V.A.M.R."

As so amended, the judgment is affirmed.

All concur.