James E. RODDEN, Appellant,

v.

STATE of Missouri, Respondent.

No. 72217.

Supreme Court of Missouri,
En Banc.

Sept. 11, 1990.

**394**

David S. Durbin, Public Defender, Terri L. Backhus, Asst. Public Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Robert P. Sass, Asst. Attys. Gen., Jefferson City, for respondent.

HOLSTEIN, Judge.

Movant, James E. Rodden, was previously convicted of murder in the first degree and sentenced to death. *State v. Rodden*, 728 S.W.2d 212 (Mo. banc 1987). He now appeals from a denial of post-conviction relief under Rule 27.26.[1] We affirm.

A more detailed account of the facts may be found in the direct appeal. The only facts recited here are those necessary to a discussion of the issues raised.

Terry Trunnel was brutally assaulted, tortured, murdered, and mutilated. Movant not only stabbed the victim many times, but one severe cut from a butcher knife pierced her arm and broke the humerus. After Trunnel's death, movant attempted to dispose of her body by setting it afire. The crime was perpetrated while appellant was engaged in the commission of the capital murder of Joseph Arnold, for which he was convicted and sentenced to life imprisonment without eligibility for probation or parole for fifty years. *State v. Rodden*, 713 S.W.2d 279 (Mo.App.1986). Movant hired a private attorney who represented him in both murder proceedings. They were tried serially and in separate counties, the Arnold murder in Phelps County and the Trunnel murder in Clay County.

On July 21, 1987, movant filed a pro se Rule 27.26 motion attacking the judgment in the Trunnel murder case. That motion was neither signed nor verified. Counsel who had represented movant in the underlying cases signed it "James Rodden by Lee Nation." This filing was accom-

---

**1.** References to Rule 27.26 are to Missouri Rules of Court, 18th ed. 1987. All other references are to Missouri Rules of Court, 1990.

plished, according to movant's testimony at the 27.26 hearing, without his knowledge or consent.

The court appointed counsel for movant after his pro se filing and on July 21, 1988, a first amended Rule 27.26 motion was filed which, too, was neither signed nor verified by movant. The only signature appearing on the amended motion was that of movant's appointed counsel. An evidentiary hearing was held on these motions on May 20, 1989, at which both the attorney in the underlying case and movant testified. On August 31, appointed counsel filed a second amended Rule 27.26 motion which again was neither signed nor verified by movant. On that day the hearing court issued findings of fact and conclusions of law, ruling against movant on the merits.

■ On appeal, the state for the first time argues that this Court is without authority to review this case because of an absence of verification of the post-conviction motion. Movant's *pro se* motion was filed prior to January 1, 1988. Therefore, the procedures of former Rule 27.26 provide the applicable procedure. Rule 29.-15(m). Rule 27.26 contained no "valid and mandatory" time limits regarding the filing and amendment of pleadings as do Rules 29.15 and 24.035. *See Day v. State,* 770 S.W.2d 692, 695 (Mo. banc 1989). Amendment of pleadings, under the former rule, was controlled by the Rules of Civil Procedure. Rule 27.26(a) and *Kennedy v. State,* 735 S.W.2d 176, 178 (Mo.App.1987). A general principle of pleading in civil cases is that failure to object and proceeding to trial waives any defect the petition may have suffered by lack of verification. *Rains v. Moulder,* 338 Mo. 275, 90 S.W.2d 81, 86 (1936), and *In re Estate of Fugett,* 564 S.W.2d 628, 630 (Mo.App.1978).

■ To say the verification requirement of Rule 27.26(c) is jurisdictional, as did the Eastern District Court of Appeals in *Mills v. State,* 769 S.W.2d 469, 470 (Mo. App.1989), is not entirely accurate and does not resolve the question. The trial court had jurisdiction over the parties and the subject matter in this post-conviction proceeding. *See* Rule 27.26(a) and (b). Issues not raised by pleadings but tried by consent of the parties or without objection are treated on appeal as if raised by the pleadings in a civil case. Rule 55.33(b); *Boeckmann v. Fitzpatrick,* 491 S.W.2d 524, 527 (Mo.1973); *Henry v. Cervantes–Diversified & Assocs.,* 700 S.W.2d 89, 92 (Mo.App. 1985). Even an essential element of a pleading, like verification, may be added by amendment. *Drury Displays, Inc. v. Board of Adjustment,* 760 S.W.2d 112, 114–15 (Mo. banc 1988). In this case, the state went to trial on the merits without any objection to deficiencies in the pleadings. The first objection to the pleadings was before this Court on appeal. Any deficiencies in the pleadings were waived, the pleadings are treated as amended to conform with the evidence, and the state may not raise lack of verification of the Rule 27.26 pleading for the first time on appeal. Because this is a 27.26 proceeding rather than a Rule 29.15 or a Rule 24.035 proceeding, the holdings in *Kilgore v. State,* 791 S.W.2d 393 (Mo. banc 1990), *Reynolds v. State,* 783 S.W.2d 500 (Mo.App.1990), and *Quinn v. State,* 776 S.W.2d 916 (Mo.App. 1989) are inapposite.

■ Turning to the merits of movant's appeal, he assigned fourteen points of error. An examination of those points demonstrates that he has failed to sustain the rather substantial burden that devolves on a criminal defendant who would upset his conviction. Points V (sustaining of improper challenges for cause), VI (improper death qualification), VII (improper composition of the grand jury), and XI (admission of improperly seized evidence) need not detain us further. All of these points were available to movant during the trial and could have been raised by direct appeal. A post-conviction motion will not serve as a substitute for a direct appeal. *Cook v. State,* 511 S.W.2d 819, 820 (Mo.1974). Movant is procedurally barred from raising such claims in a post-conviction motion.

■ Points XIII and XIV complain of the circumstance that the state was given two opportunities to impose the death penalty because movant was tried first for the capital murder of Joseph Arnold, a crime for

which he received life imprisonment, and was thereafter sentenced to death for having committed the Trunnel murder, both crimes arising out of the same occurrence. Movant's essential complaints are of being twice put in jeopardy of the death penalty and that the state is collaterally estopped to seek the death penalty in this case. The act of killing Arnold was a separate and distinct crime from the act of killing Trunnel. *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), relied on by the movant, supports the imposition of separate trials and cumulative sentences for separate offenses. In contrast to *Ashe,* the result of the first trial was not inconsistent with the result in the second. The only difference was in the punishment. The jury in this case might well have found that the killing of Trunnel occurred after the killing of Arnold, making her murder a plural murder.[2] Essentially the same claims were made in the direct appeal and rejected. *Rodden,* 728 S.W.2d at 220.

The remaining eight points allege ineffective assistance of counsel. The trial court entered detailed findings and conclusions in compliance with our rules. These findings are supported by the evidence. Most of the complaints may be disposed of rather quickly.

■ The court found that the failure to call Angela Duffy (Point I) represented a proper strategic and tactical decision, because she had made inconsistent statements and could possibly hurt the defendant by her testimony. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

In Point IV it is asserted that counsel was ineffective for failure to advise movant of his right to testify. The court found that counsel did not tell movant that he could not testify, and that the movant was aware from prior trials of his right to testify. These findings are not clearly erroneous and we are bound by them. Rule 27.26(j).

■ Point V suggests that counsel was ineffective in failing to object to the prose-

cutor's statement that the recommendation of death operated only as a suggestion to the trial judge. The arguments were not such as to compel reversal. *State v. Driscoll,* 711 S.W.2d 512 (Mo. banc 1986); *Driscoll v. State,* 767 S.W.2d 5 (Mo. banc 1989); *State v. Roberts,* 709 S.W.2d 857 (Mo. banc 1986). In contrast to *Caldwell v. Miss.,* 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985), there was no inaccurate statement of the law. We cannot say that the decision not to object would likely influence the outcome of the trial under the *Strickland* test.

■ There is no ineffective assistance of counsel in failing to introduce the movant's testimony at a prior trial because no theory is advanced as to why this testimony could not be admitted (Point VIII). Testimony voluntarily given by a defendant in a former trial by himself or another may be received in evidence as an admission. *State v. Long,* 324 Mo. 205, 22 S.W.2d 809, 813 (Mo.1930). Defendant does not allege that this testimony was involuntary.

Points IX and X have to do with counsel's failure to object to the admission of movant's post-arrest statements, on grounds of his alleged intoxication, and on his claim that interrogation continued after he requested counsel. The trial court did not believe movant's claim that the interrogation continued after he requested counsel and found that movant's intoxication was not such as to render his post-arrest statements inadmissible. By reason of these findings, the movant has failed to demonstrate that counsel could have successfully opposed the admission of these statements. Counsel will not be found ineffective for failing to make a nonmeritorious objection. *Sidebottom v. State,* 781 S.W.2d 791, 799 (Mo. banc 1989).

■ In Point XII it is suggested that counsel was ineffective because of failure to object to the state's failure to disclose blood samples obtained from the floor of the scene of the killing. There is no evidence that the state had any such blood samples or that the blood samples would

**2.** The plural murder was not assigned as an    aggravating circumstance in the earlier trial.

have been helpful to movant. Counsel will not be convicted of ineffective assistance for failing to object to nondisclosure of that which is neither shown to be in existence nor, if it exists, helpful to movant's case. Absent such showing, movant has failed to establish the prejudice prong of the *Strickland* test.

There remains the claim under Point II that counsel was ineffective in failing to put on any evidence at the penalty phase. On this point the motion court found as follows:

> As to paragraph 8(M), of movant's first amended petition under Rule 27.26, the court finds that movant's counsel did not call any witnesses other than movant during the penalty phase and that movant's counsel made such a decision because it was late at night, about 10:00 P.M., that movant's counsel chose to submit the case that night while the jury was tired rather than to continue until the next morning. Movant's counsel believed that a tired jury would be less likely to give the death penalty and, therefore, as a matter of trial strategy, he elected not to call additional witnesses.

The quoted finding is not shown to be clearly erroneous. It rather represents a finding that counsel made a studied choice of the kind that counsel customarily make. There is no clear evidence that the testimony of movant's relatives would have been beneficial. His prior life had not been without its problems. It is plausible that a jury might return a life sentence in preference to arguing with holdouts into the early morning hours. Counsel is not deemed ineffective simply because the result of a chosen strategy is disappointing. The trial judge is in the best position to evaluate the contentions of the parties.

The judgment is affirmed.

BLACKMAR, C.J., and ROBERTSON, HIGGINS and COVINGTON, JJ., concur.

RENDLEN, J., concurs in result in separate opinion filed.

BILLINGS, J., concurs in result and concurs in concurring in result opinion of RENDLEN, J.

RENDLEN, Judge, concurring in result.

For the following reasons, I concur with result reached by the majority.

This was a brutal murder of the woman, Terry Trunnell, on December 3, 1983, who was tortured and mutilated in a vicious assault. Appellant not only stabbed the victim many times but one severe cut from a butcher knife pierced her arm and broke the humerus. After Trunnell's death, he attempted to dispose of her body by setting it afire. Additionally, the crime was perpetrated while appellant was engaged in the commission of the capital murder of Joseph Arnold, for which he was convicted and sentenced to life imprisonment without eligibility for probation or parole for fifty (50) years. Suffice to say the abundant proof of Rodden's crime fully supported the jury's verdict.

At arraignment, appellant was provided appointed counsel and entered a plea of not guilty. Thereafter, he contacted Lee Nation, a private attorney, who represented him in both murder proceedings which were tried serially and in separate counties, the Arnold murder in Phelps County and the Trunnell murder in Clay County on March 25, 1985, and sentenced June 25 of that year. Both convictions were appealed, the Arnold murder to the court of appeals, which affirmed the conviction and sentence, *State v. Rodden*, 713 S.W.2d 279 (Mo.App.1986), and the Trunnell murder to this Court, which affirmed the conviction and sentence of death, *State v. Rodden*, 728 S.W.2d 212 (Mo. banc 1987). In each instance, Mr. Nation represented appellant.

On July 21, 1987, a pro se Rule 27.26 motion was filed attacking the judgment in Trunnell; however, this motion was neither signed nor verified by appellant. Apparently it was filed by Mr. Nation for it was he who signed the motion "James Rodden by Lee Nation." This filing was accomplished, according to appellant's testimony

at the 27.26 hearing, without his knowledge or consent.

The court appointed counsel for appellant after this pro se filing and on July 21, 1988, a first amended Rule 27.26 motion was filed, which too was neither signed nor verified by appellant. The only signature appearing on this document is that of appellant's appointed counsel. An evidentiary hearing was held on these motions on May 20, 1989, at which both Mr. Nation and the appellant testified. On August 31 of that year, appellant's appointed counsel filed a second amended Rule 27.26 motion, which again was neither signed nor verified by appellant, and on that day the hearing court issued findings of fact and conclusions of law, ruling against appellant on the merits.

I believe the hearing court, though correct in its denial of appellant's motions, need not have reached the merits.

As noted above, Rodden filed his first 27.26 motion on July 21, 1987, the first amended motion one year later, July 21, 1988, and a second amended motion August 3, 1989. Because his original motion was pending January 1, 1988, it was governed by the provisions of Rule 29.15(m), which specifies that such "shall continue to be governed by the provision of Rule 27.26 in effect on the date the motion was filed." For appellant, this meant compliance with Rule 27.26(c) (repealed January 1, 1988), which read:

A motion to vacate a sentence must be submitted on a form substantially in compliance with the form appended hereto. The motion shall include every ground known to the *prisoner* for vacating, setting aside, or correcting his conviction and sentence. *The prisoner shall verify the correctness of the motion, including the fact that he has recited all claims known to him.*

(Emphasis added.)

The form employed by appellant pro se for the July 21, 1987, filing[1] contained on its first page this instruction:

In order for this motion to receive consideration by the Circuit Court, it shall be in writing (legibly handwritten or typewritten), *signed by the petitioner and verified (notarized),* and it shall set forth in concise form the answers to each applicable questions.

(Emphasis added.) Further, the form bore a signature line below which appeared the printed instruction, "Signature of Petitioner." The affidavit section of the form provides a signature line with the words below, "Signature of Affiant." In both instances, Mr. Nation rather than appellant signed in the designated spaces. Rodden to this date has never signed nor verified nor sought to sign or verify any of his 27.26 motions.

Contrary to the majority's opinion, I feel the verification requirement of Rule 27.26(c) is substantially the same as that of Rule 29.15 and the filing of an unverified Rule 27.26 motion has long been held unacceptable and a ground for dismissal. *State v. Rector,* 547 S.W.2d 525, 526 (Mo.App. 1977); *Riley v. State,* 588 S.W.2d 738, 741 (Mo.App.1979). These provisions of the rules are clear and unambiguous. Any lingering question as to the necessity for verification of such postconviction motions has been dispelled by a number of recent decisions of this Court and our court of appeals. In *Mills v. State,* 769 S.W.2d 469 (Mo.App.1989), the dispositive facts were essentially the same as those at bar. Neither the pro se nor an amended Rule 27.26 motion were verified by movant and the court of appeals when dismissing the claims properly held that such verification was mandatory and jurisdictional. *Id.* at 470. Shortly thereafter, the western district in *Quinn v. State,* 776 S.W.2d 916 (Mo.App.1989), also held that verification was jurisdictional for both the pro se motion and any amended motion filed on behalf of the movant. *Id.* at 918. Similarly the southern district of the court of appeals correctly determined verification to be jurisdictional and mandatory in *Batson v.*

---

**1.** He filed the form appended to Rule 27.26. Criminal Procedure Form 40 is only for Rule 29.15 motions.

*State*, 774 S.W.2d 882, 885 (Mo.App.1989) in a case under a Rule 24.035[2] motion. In *Reynolds v. State*, 783 S.W.2d 500 (Mo. App.1990), the southern district held that the correct course for trial courts faced with unverified motions under Rule 29.15 in which the time limit for filing a new motion had passed is summary dismissal of the motion.

Any lingering question concerning the plain language of the rule was dispelled with this Court's holding last term that unverified motions are a nullity. *Kilgore v. State*, 791 S.W.2d 393 (Mo. banc 1990) (holding that for purposes of Rule 29.15 the verification requirement "is an essential element of the postconviction motion").

The verification requirement is not a shallow gesture of form over substance. It provides a base for perjury prosecution of those who attempt to mislead courts and is designed to discourage frivolous and unfounded allegations which the movant knows are false or those who make brash, unfounded statements not knowing or caring if they are true. The rules contemplate limiting the proliferation of baseless post-conviction remedy motions, *Mills v. State*, 769 S.W.2d 469, 470 (Mo.App.1989), and to require verification of pro se and amended motions places no undue burden on the movant who need only sign and have his signature acknowledged. It gives pause to those who would mislead the court or abuse the system but creates no bar to those with reasonable bases for such claims.

In that appellant has failed to meet the scheduled deadlines set forth in Rule 29.-15(m) for the filing of a proper motion, he has waived his right to proceed under that rule. *Day v. State*, 770 S.W.2d 692, 696 (Mo. banc 1989). I would hope that the bar and litigants would be constrained to follow the rule requirements governing postconviction proceedings.

**2.** Rule 24.035(c) the counterpart of Rule 29.-15(d) controlling post conviction motions attacking convictions stemming from guilty pleas, provides in pertinent part:

The motion to vacate shall include every ground known to the movant for vacating, setting aside, or correcting the judgment or

I concur in the result reached by the majority.

sentence. The movant shall verify the motion, declaring that he has listed all grounds for relief known to him and acknowledging his understanding that he waives any ground for relief known to him that is not listed in the motion.